## STRASSON VS. MONTGOMERY.

*Deed of growing timber, construction of; effect of on jurisdiction of justice in trespass quare clausum.*

1. A deed of growing timber conveys an interest in the land.
2. In an action in justice's court for a trespass to plaintiff's close by cutting growing timber and removing it therefrom, if defendant claims the timber under such a deed, and gives the usual bond, he is entitled to have the cause removed to the circuit court.
3. A deed of growing timber with a proviso that the same shall be removed by grantee within a certain time, conveys only such timber as is cut within that time; and what remains uncut at the expiration thereof belongs to the grantor or his grantee of the soil.
4. The time limited in such a deed to W. was December, 1870; and before its expiration the grantor conveyed the land to plaintiff, " excepting and reserving a certain amount of timber *heretofore sold* to W; and the said W. or his assigns is to have until December, 1871, to take off *said* timber." *Held*,

    (1.) That the reservation is, in law, contradictory and inoperative.

    (2.) That, the grantor's covenant of warranty in his deed to W. having been fully performed in December, 1870, and having no application to timber cut after that time, W. is not in privity with said grantor in respect to the deed to plaintiff, but is a stranger to such deed.

    (3.) That a *reservation* in a deed in favor of a *stranger* is void. *Rich v. Zeilsdorf*, (22 Wis., 544), as to the difference between a reservation and an *exception* in a deed, approved.

Strasson vs. Montgomery.

APPEAL from the Circuit Court for *Walworth* County.

This action was commenced before a justice of the peace. The complaint charges that in November, 1871, and at divers times afterwards, the defendant broke and entered into the enclosure of the plaintiff (describing the same), and cut down and carried away certain trees and timber therefrom, to the damage of the plaintiff, etc.

The defendant interposed an answer in writing, which, in addition to a general denial, set forth as a defense to the action, that on the fourth day of December, 1866, one Gleason, who was then the owner in fee of the premises described in the complaint, by an instrument in writing under his hand and seal, bargained, sold and conveyed unto one White all the trees and timber of every kind growing and being upon said premises; that in September, 1867, Gleason and others conveyed the same lands to the plaintiff, but in such conveyance the grantors reserved to said White the right to take off said timber until December, 1871; that White sold and conveyed such timber to the defendant; and that the defendant thereupon entered upon the premises, and cut and carried away the trees and timber therefrom, as he lawfully might, which are the same supposed trespasses complained of, etc. At the time of tendering such answer, the defendant executed the bond required by the statute (Tay. Stats., 1364, § 57), and filed the same with the justice; and thereupon the justice transmitted the case to the circuit court.

When the case was brought on for trial in the circuit court, a jury was duly waived by the parties, and before the trial commenced the defendant moved to dismiss the action for want of jurisdiction, claiming that the answer does not show that the title to lands is in question. The court denied the motion, and the defendant duly excepted to the ruling.

On the trial it appeared that the timber in question was cut and taken from the premises of the plaintiff in November, 1871. The several conveyances mentioned in the answer were read in

evidence.   The conveyance of the timber by Gleason to White contains the following: "*Provided always*, and these presents are upon this express condition, that the said party of the second part shall take all of said trees and timber off of said lands within four years from this date." It also contains a covenant of warranty.   The conveyance of the premises by Gleason and others to the plaintiff contains the following clause: "excepting and reserving a certain amount of timber heretofore sold Elias N. White, and the said Elias N. White or his assigns is to have until December, 1871, to take off said timber."

The circuit court held that the exception or reservation in the conveyance to the plaintiff did not give the defendant any right to cut and remove the timber from the premises after December 4, 1870, and accordingly gave judgment for the plaintiff, for one dollar damages, and for costs.   The parties had stipulated during the trial that if the plaintiff recovered in the action his damages should be assessed at the above sum.

The defendant appealed from the judgment.

*R. R. & S. W. Menzie*, for appellant, argued that if the facts alleged in the answers did not show that the title to the land would come in question, then the justice should have tried the cause and disregarded the bond, and the circuit court acquired no jurisdiction, and should have dismissed the case.   R. S., ch. 120, secs. 51, 52 ; *Verbeck v. Verbeck*, 6 Wis., 159.   But, in fact, the conveyance from Gleason to White was not merely a sale of the timber, but conveyed an interest in the land.   The reservation in the deed to *Strasson* was not for the benefit of a stranger to the deed, but for the benefit of the grantor, who had previously granted the timber by deed with covenants of warranty to White.   *Strasson's* grantors, being the owners in fee of the lands conveyed, had a right, by virtue of such ownership, to make the reservation in the deed.   In *Rose v. Bunn*, 21 N. Y. (7 Smith), 275, it was held that a reservation in a grant of land, excepting therefrom grass, herbage, feeding and

pasturage, if not valid as a reservation or exception, operates as an effectual qualification of the grant, by which the grantee is bound, and creates an easement in the grantor to enter and depasture the land. Applying the doctrine of this case, *Strasson*, by accepting the deed with the reservations and exceptions, consented to and acquiesced in the right of White and his assignees to remove the trees and timber at any time before December, 1871, and is therefore estopped from claiming the trees and timber until the expiration of the time fixed in the deed for its removal.

*S. B. Vanbuskirk*, for respondent, contended that the allegation in defendant's answer that on a certain day Jacob L. Gleason was the owner in fee of the lands mentioned in the complaint, was clearly an allegation of title to realty, and ousted the justice of jurisdiction, upon the defendant giving the bond required by statute. *Rogan v. Perry*, 6 Wis., 194; *Manning v. Smith*, 10 Wis., 509. The averment in the answer that Gleason conveyed the timber to White, and that White conveyed it with the same reservations and exceptions to the defendant, was an allegation of a conveyance of such an interest in land as could only be evidence by an instrument in writing. *Green v. Armstrong*, 1 Denio, 555; *McGregor v. Brown*, 10 N. Y., 114. Hence the want of jurisdiction in the justice to try the question of title involved.

The contract from Gleason to White and through him to defendant, conferred no right, either upon White or defendant, to cut or remove timber after December 4, 1870. *Pease v. Gibson*, 6 Greenl., 81; *Boisaubin v. Reed*, 2 Keyes, 323; 3 Washb. Real Prop., 376. Defendant's only rights were under the contract, and not under the deed. The reservation in the deed, if in favor of any one, was in favor of White, and he not being a party to the deed, the reservation was void. *Hornbeck v. Westbrook*, 9 Johns., 73; *Borst v. Empie*, 1 Seld., 38; *Craig v. Wells*, 1 Kern., 315; *Ives v. Van Auken*, 34 Barb., 566; 3 Washb. Real Prop., 371; 4 Kent's Com. (11th ed.), 550, n. 4, and 549,

n. 2. Even if it could be construed into a reservation or exception in favor of Gleason, the grantor in the deed, it would not enure to the defendant, because it was in the nature of a personal covenant or reservation to Gleason, and not to him and his assigns. *Hornbeck v. Westbrook, supra.* But the reservation was also void, because there was no person named in it to whom, or in whose favor, it was made. Id. It could have no other effect than as a mere notice to plaintiff of the rights of White or his assignees under the contract, and could not enlarge such rights. *Pollock v. Cronise*, 12 How. Pr., 363.

LYON, J. I. The first question to be considered is, whether the answer puts in issue the title to real property. In *Murray v. Van Derlyn*, 24 Wis., 67, this court held that in an action of trespass brought before a justice of the peace, for removing a fence, an answer setting up that the alleged trespass consisted in taking away a division fence, that the fence belonged to the defendant, and that he had a right to take it away, raises a question of title to real estate, which, if the proper bond be presented, deprives the justice of power to try the action. The reasoning in that case is applicable here. Standing timber, like a fence, is part of the realty. If the plaintiff was the owner of the timber in controversy, he owned it as a part of his land. If the defendant was the owner thereof, he owned it by virtue of the conveyance from Gleason to White, which was a conveyance of an interest in the land. Hence, although it is conceded that the plaintiff owns the soil, yet the dispute concerning the title to the standing timber raises a question of title to real property.

The defendant having given the proper bond, the circuit court acquired jurisdiction of the case, and properly denied the defendant's motion to dismiss the same for the alleged want of jurisdiction. *Knotts v. Hydrick*, 12 Richardson's Law R., 314.

II. Whether the plaintiff was entitled to recover depends

upon the construction which is given to the conveyance of the timber by Gleason to White, and the exception or reservation in the deed to the plaintiff..

The former conveyance was of all the trees and timber on the premises, with the proviso that White should take the same off the land within four years, or by December 4th, 1870. It is well settled, on principle and by authority, that the legal effect of the instrument is, that Gleason thereby conveyed to White all of the trees and timber on the premises which White should remove therefrom within the prescribed time, and that such as remained thereon after that time should belong to Gleason or to his grantee of the premises. *Pease v. Gibson*, 6 Greenl., 81; *Boisaubin v. Reed*, 2 Keyes, 323; *Reed v. Merrifield*, 10 Met., 155; *Howard v. Lincoln*, 13 Me., 122.

Having thus ascertained what Gleason conveyed to White, we are next called upon to determine the legal effect of the exception or reservation in the deed to the plaintiff. The language is, " excepting and reserving a certain amount of timber *heretofore sold to Elias N. White.*" But we have already seen that the timber sold to White was only such as he should take off the premises by December 4, 1870. Hence the timber remaining on the premises after that date is not included in the above language, and is not excepted or reserved at all, unless it is so by force of this further language of the deed, " and the said Elias N. White or his assigns is to have until December, 1871, to take off *said* timber." The timber here referred to, is, of course, the same mentioned in the first clause of the exception or reservation above quoted, and it is quite obvious that it cannot enlarge the operation of that clause. The whole exception taken together has the same signification as it would have had language like the following been used in its stead : " excepting and reserving all of the timber on said premises which Elias N. White shall take from the same before December 4, 1870, and the said Elias N. White

or his assigns shall have until December, 1871, to take off said timber." It requires no argument to show that, in such case, the last clause would necessarily be entirely inoperative.

But if we are wrong in all this, there is another view of the case which is fatal to the defense. Under the decision of this court in *Rich v. Zeilsdorff*, 22 Wis., 544, determining the character of similar language in a deed, it must be held that the last clause above quoted from the deed to the plaintiff, is a "*reservation*," as distinguished from an "*exception*." The opinion by Mr. Justice COLE in that case contains a discussion of the whole subject, and clearly explains the distinction between an exception and a reservation in a deed. It is unnecessary to repeat here what is there said. The provision in the deed to the plaintiff reserving to White and his assigns the right to take timber from the premises until December, 1871, is a reservation in favor of a stranger to the deed, and is void for that reason. 3 Washb. on Real Property (3d ed.), 377. See also cases cited to this point in brief of counsel for plaintiff. The only effect which such reservation could have would be to save Gleason from liability on his covenant to the plaintiff against incumbrances in case White had previously the right to take timber until December, 1871. But it is argued that because Gleason sold the timber to White with warranty of title, White is not a stranger to the reservation in the deed to the plaintiff, but is in privity with Gleason. Evidently this point is not well taken. The covenant of warranty was fully performed on the 4th day of December, 1870, and has no application whatever to the timber cut by the defendant after that time. Besides, it is not claimed that Gleason, while he owned the land, or at any other time, ever made any new contract with White in respect to the timber, or that he and White ever varied the terms of the original contract in that behalf.

The learned counsel for the defendant rely greatly upon the case of *Rose v. Bunn*, 21 N. Y., 275. But an examination of that case will show, we think, that it does not sustain their

views. In that case the right in question was predicated upon a clause in a lease which was doubtless an "exception," and it was made for the benefit of, and asserted by, a party who stood in the relation of a *cestui que trust* to the lessors. Besides, the party claiming the benefit of the "exception" in the lease established also a valid prescription for the right claimed.

We are of the opinion that the judgment of the circuit court should be affirmed.

*By the Court.*— Judgment affirmed.