## YOUNG vs. LEGO.

SALE OF GROWING TIMBER. (1) *Is a sale of an interest in land; which merges in the fee.* (2) *Whether valid, if by parol, not considered.*

VARIANCE: ACTION. (3) *Erroneous recovery on cause of action not sued upon.* (4) *Undetermined questions as to plaintiff's remedy.*

1. A contract of sale of growing timber is a sale of an interest in the land; and upon a subsequent conveyance of the fee from the vendor to the vendee, such interest is *merged*, and the contract extinguished.

2. Whether such a contract is valid when made by *parol*, is not here considered.

3. Where the vendor brought an action upon the contract of sale of the growing timber, and the conveyance of the fee by him to the vendee was alleged in the answer and admitted by the reply, it was error to permit him to recover the amount claimed,.as *unpaid purchase money* of the land.

4. Whether plaintiff, in a proper proceeding for that purpose, could have recovered for unpaid purchase money of the conveyance, proving the consideration thereof to have been the stipulated value of the timber; or whether he could have had the deed avoided for fraud or mistake, in this or some other proceeding, and then have recovered on the contract of sale of the timber, are questions not arising on the present record.

APPEAL from the Circuit Court for *Chippewa* County.

The complaint stated, in substance, that on or about September 1, 1871, plaintiff sold to defendant the undivided one-

half of all the timber upon certain lands described, for which defendant agreed to pay seventy-five cents for each thousand feet, board measure, so soon as the same should be cut, and that plaintiff had cut and removed a large quantity of said timber, and was indebted to the plaintiff therefor in the sum of $925.

The answer contained a general denial, and alleged, that on September 29, 1871, plaintiff and his wife, in consideration of $250, then paid, conveyed to defendant by warranty deed, the undivided one-half of all the lands described in the complaint. It also set up several counterclaims. There was a reply in denial of the counterclaims, by the terms of which, it would seem, plaintiff admitted the execution and delivery of the conveyance mentioned in the answer.* On the trial, it appeared that the contract sued upon was not in writing; and evidence was admitted, under objection, tending to prove that the parties had a conversation in the fall of 1871, relative to the sale of the timber in question ; that at that time the sale was not made ; and that afterwards the plaintiff sold the timber to one Longevin, at seventy-five cents per thousand ; that he received $250 down, and the balance was to be paid in the spring ; that Longevin was the agent of *Lego*, and that a day or two later *Lego* promised to pay according to Longevin's agreement ; that at this time the defendant asked the plaintiff to give him a deed of the land, so that he could show his title to the logs, which the plaintiff did ; that the defendant had cut a large quantity of timber, and had paid only $250, and owed the plaintiff the amount claimed. The defendant testified that he bought the land for $250 cash, and paid for it ; that he had bought no timber at seventy-five cents per thousand ; that Longevin was not his agent in the purchase of the land.

The court instructed the jury, in substance, that the only

* The reply is not set out in the printed case, and the original record is no longer on file here. REP.

question for them to determine was, whether defendant bought an undivided half of the land for $250, or at seventy-five cents per thousand for one-half the pine timber on the land; that if the former was true, then defendant was entitled to recover the amount of his counterclaims as proven; but if the latter price was the true one, then they must find the value at seventy-five cents per thousand, of one-half the timber that defendant had cut from the land, and deduct therefrom the $250 paid, together with the amount of the counterclaims proven, and give plaintiff a verdict for the balance.

Verdict and judgment for the plaintiff, for $661. Defendant appealed from the judgment.

*Bingham & Jenkins*, for appellant:

1. The testimony as to the sale of the growing timber by an oral contract should have been excluded. It was the sale of an interest in land. R. S., ch. 106, sec. 6; *Green v. Armstrong*, 1 Denio, 550, and cases there cited; *Bank of Lansingburg v. Crary*, 1 Barb., 542; *Warren v. Leland*, 2 id., 613; *Bishop v. Bishop*, 1 Kern., 123. In New York it is well established that the natural growth of the soil is held as part of the land, although crops produced annually by labor are mere personal property. The courts of New Jersey, Vermont and New Hampshire have also held the same doctrine. *Westbrook v. Eager*, 1 Harr. (N. J.), 81; *Buck v. Pickwell*, 27 Vt., 157; *Putney v. Day*, 6 N. H., 430; *Kingsley v. Holbrook*, 45 N. H., 313. Also the English courts. *Scorell v. Boxall*, 1 Younge & J., 396; *Crosby v. Wadsworth*, 6 East, 602; *Jones v. Flint*, 10 Ad. & Ell., 753. 2. What occurred afterwards cannot affect the validity of the contract on which the action is brought.

*C. J. Wiltse*, with *Wheeler & Marshall*, of counsel, for respondent:

1. The sale was of timber, at the rate of seventy-five cents per thousand feet, severed from the land, and hence was a sale of personal property, and not within the statute of frauds. 2 Greenl. Ev., 344, note 4. Growing trees are realty, and can-

not pass except by grant under seal; but such grant to one who has no interest in the soil, severs them in law, and makes them personal property. *McIntyre v. Barnard*, 1 Sandf. Ch,, 52; *Bostwick v. Leach*, 3 Day, 476, 484. 2. The only question submitted to the jury was as to the price at which *the land* was sold; and no exceptions were taken to the charge; hence no question can be raised on this appeal. *Ingraham v. Baldwin*, 12 Barb., 9; *Weeks v. School Dist.*, 8 Wis., 166. If there was error in admitting the testimony to show a parol contract for the sale of growing timber, the error was cured by showing that the land was sold for seventy-five cents per thousand feet for the timber on it. It does not appear that the defendant was or might have been prejudiced by the testimony. *Barton v. Kane*, 17 Wis., 37; *Spencer v. Mil. & P. du C. R'y Co.*, 17 id., 487.

RYAN, C. J. We need not consider the question argued in this case, of the validity of the parol contract for the sale of growing timber, by the respondent to the appellant, on which the action is founded. For the purposes of this decision, we shall deal with it as a valid contract.

It was a sale of an interest in the land on which the timber was growing. *Strasson v. Montgomery*, 32 Wis., 52. That interest was merged in the fee, on the subsequent conveyance of the land by the respondent to the appellant. 2 Black., 177; *Smith v. Lewis*, 20 Wis., 350. And the merger extinguished the contract. *Haggerty v. Fagan*, 2 Penn., 533; *Creigh v. Berlin*, 1 Watts & Serg., 83.

This appears to have been recognized by the learned judge of the court below. For his charge to the jury puts the respondent's right to recover, not on the parol contract for the sale of the timber, but for unpaid consideration of the conveyance: an essentially different cause of action.

Whether the respondent could have recovered, in a proper proceeding for that purpose, for unpaid purchase money of the

conveyance, proving the consideration of the conveyance to have been the stipulated value of the timber, or could have had the deed avoided for fraud or mistake, in this or another proceeding, and then have recovered on the parol contract, are questions which do not arise on this record.

The respondent's admission of record, in his reply, of the conveyance, ended his right to recover on the parol contract, unless the conveyance should be vacated.

*By the Court.* — The judgment is reversed, and the cause remanded for a new trial.