DANIELS vs. BAILEY.

*Statute of Frauds: Sale of standing timber.*

A sale of an interest in standing timber, or of an interest in a contract of sale of standing timber, is a sale of an interest in land; and, if by parol and wholly unexecuted, is void under the statute of frauds.

APPEAL from the Circuit Court for *Portage* County.

The complaint alleged that on the 1st of October, 1873, plaintiff sold and delivered to defendant all plaintiff's interest in the standing pine timber on a certain half-quarter section of land, for which defendant agreed to pay plaintiff $45; and that defendant cut and removed all said timber, but has refused, on demand, to pay any part of said sum. The answer, after a general denial, avers that, at the time of the alleged sale of the timber, plaintiff had no legal title thereto, and no right to sell and convey it; that the pretended sale, if made, was void by the statute of frauds; and that, if defendant cut and removed the timber, it was under a purchase thereof from one Cavanaugh, the legal owner.

The evidence tended to show the following facts: On the 17th of July, 1873, one Cavanaugh was in possession of the land above mentioned, claiming a right to preëmpt it as his homestead under the laws of the United States. On that day, he undertook to sell to plaintiff the pine timber on said land for $1,005, of which $45 were paid immediately, while $500 were to be paid by August 15, 1873, and the remainder by January 1, 1874; and a writing was signed by both Cavan-

Daniels vs. Bailey.

augh and the plaintiff, stating the agreement. On the 27th of September, 1873, plaintiff having made no further payment, Cavanaugh executed and delivered to defendant an instrument in terms conveying to him the pine timber then growing upon the same land, with a proviso that defendant should cut and remove it during the winters of 1873 and 1874, etc. The consideration for this deed is stated therein to be $700, to be paid by defendant, viz., $200 immediately, and the remainder in certain installments. Defendant testifies: "I cut the timber in pursuance of my agreement with Cavanaugh, under this deed. Cavanaugh made the statement to me that there was a verbal contract with *Daniels*. He stated it to me at the time he drew the papers. He claimed it was void." In October, 1873, defendant sought the plaintiff and had a conversation with him, which is thus stated in plaintiff's testimony: "He [defendant] wanted to know if I had contracted with Cavanaugh for this timber. I told him I had. He wanted to know how much I had paid. I told him. He said he had paid $200, and wanted the timber, and would give me the $45 I had paid, or would take the $200 which he had paid, rather than have any trouble. * * I told him I would accept his proposition; that he should pay me when he got the logs off, and got returns from his stock. At that time, I showed him what title I had. He got the logs off, and I sent him word that I wanted the matter settled." It does not appear that plaintiff ever made, or offered to make, any written assignment to defendant of his contract with Cavanaugh.

In December, 1873, Cavanaugh entered and paid for the land; and defendant thereupon, with his consent, cleared the land of pine timber.

Defendant objected to the reception in evidence of the agreement of July 17, 1873, on the ground that it was not under seal, and not witnessed or acknowledged. He also objected to all evidence of any oral contract between himself and the plaintiff in relation to the sale of the timber.

Plaintiff was permitted to testify, against objection, that he bought the timber "for the purpose of cutting it up," and sold it to defendant for the same purpose.

The judge charged the jury, that if defendant agreed to pay plaintiff $45, in consideration of plaintiff's abandoning his rights under his contract with Cavanaugh, that was a sufficient consideration to support the promise.

Plaintiff had a verdict for the full amount claimed. The court ordered an amendment of the complaint, so that it should allege a sale to defendant of " all plaintiff's interest in a certain contract for the sale of " the timber in question. A new trial was refused; and defendant appealed from a judgment on the verdict.

The cause was submitted on briefs of *Raymond & Haseltine* for the appellant, and on that of *Jones & Sanborn* for the respondent.

For the appellant it was argued, 1. That Cavanaugh's claim of preëmption gave him no title to the timber, and no right to sell or dispose of it (R. S. U. S., § 2461); and that plaintiff had therefore no title or interest in the timber after his agreement with Cavanaugh, and the relinquishment of his claim was no consideration for defendant's alleged promise. *Eycleshimer v. Van Antwerp*, 13 Wis., 546. 2. That a sale of plaintiff's interest in the standing timber, or a sale of his interest in the contract, is a sale of an interest in lands, and within the statute of frauds. R. S., ch. 106, secs. 6, 8; *Smith v. Clarke*, 7 Wis., 551; *Gough v. Dorsey*, 27 id., 119, 134; *Richardson v. Johnsen*, 41 id., 100. 3. That the court erred in submitting to the jury the question whether defendant agreed to pay plaintiff $45 *if he would abandon his claim*. No such issue is made by the pleadings. An agreement that plaintiff should abandon his claim to the timber does not support the averment that he sold and delivered his interest therein to defendant. Hilliard on N. T., 254, and cases cited. 4. That if the complaint as amended does not allege a sale of

an interest in land, within the meaning of the statute of frauds, then the amendment substantially changes plaintiff's claim, and the court had no power to allow it.    *Sweet v. Mitchell*, 15 Wis., 642;  *Young v. Lego*, 36 id., 394.

For the respondent it was argued, 1. That plaintiff's abandonment of all his rights under his contract with Cavanaugh was a sufficient consideration for defendant's promise ( *Young v. French*, 35 Wis., 111; *Stewart v. Ahrenfeldt*, 4 Denio, 189); and that if defendant, with knowledge of the facts, chose to buy plaintiff off rather than to test the validity of his contract, he is estopped from now denying plaintiff's rights under that contract.  *Crans v. Hunter*, 28 N. Y., 389; *Seaman v. Seaman*, 12 Wend., 381; *Russell v. Cook*, 3 Hill, 504;  *Van Dyke v. Davis*, 2 Mich., 144; *Hale v. Holmes*, 8 id., 37, and cases above cited.  2. That the amendment of the complaint after verdict was properly granted, it being evident that defendant was not misled, and the evidence having been received without any objection by defendant on the ground of a variance between the complaint and proof.  3. That standing timber may be sold by parol, with a view to its severance from the land (Browne on Stat. of Frauds, § 255; 1 Greenl. Ev., 306; Benjamin on Sales, § 126, and cases there cited in note), and even if the transaction between these parties was a sale, it was a sale of timber *to be severed*, without any intention to convey an interest in land.  4. That even if the case came within the statute of frauds, as the contract has been performed by plaintiff, it is binding upon the defendant.

Ryan, C. J.    Before it was amended, the complaint was for the consideration of a sale of the respondent's interest in the standing timber upon certain land.  As amended after verdict, it is for the consideration of a sale of the respondent's interest in a contract of sale of the standing timber.  Whether of the one or of the other, the sale proved was by parol, wholly unexecuted; was equally the sale of an interest in land,

and void under the statute of frauds. *Strasson v. Montgomery*, 32 Wis., 52; *Young v. Lego*, 36 id., 394; *Richardson v. Johnsen*, 41 id., 100.

*By the Court.*—The judgment is reversed, and the cause remanded to the court below for further proceedings according to law.