WILLIAMS and others, Appellants, vs. JONES, Respondent.

*March 23—April 9, 1907.*

*Deeds: Construction: Exception or reservation? Standing timber: Wills: Realty to be converted into money: Election by devisees.*

1. A conveyance of land by a man seventy-six years old contained, after the description, the following: "saving, excepting and reserving for himself, the grantor herein, all the timber now growing and standing on the south half of the said premises, with the right at all times to enter on the said premises to cut and

haul the said timber away during the next forty years, but the grantor herein agrees to cut and haul away each year what is necessary for him for firewood and other uses on the grantor's farm." *Held*, that this constituted an exception of the timber from the grant, and that the grantor's title thereto, so retained by him, was real estate which, at his death, would pass to his heirs or devisees, subject to the limitation of forty years for its removal. TIMLIN, J., dissents, being of the opinion that the language quoted constituted a reservation, not an exception.

2. The will of such grantor directed the conversion of his real estate into money, but said timber, not being treated by the executrix as the testator's property, was not so converted. The devisees entered upon the land, claimed the timber as their property, and removed a portion of it; and some of the devisees conveyed their interests in the timber to another of them. *Held*, that this was an effectual election by the devisees to treat and hold the timber as real property.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

On May 12, 1900, Thomas Williams sold the defendant *Thomas H. Jones* a forty-acre tract of land, and gave a deed therefor containing the following clause:

"The southeast quarter of the southeast quarter of section eighteen (18), town six (6) north, of range four (4) east of the fourth principal meridian, saving, excepting and reserving for himself, the grantor herein, all the timber now growing and standing on the south half of the said premises, with the right at all times to enter on the said premises to cut and haul the said timber away during the next forty years, but the grantor herein agrees to cut and haul away each year what is necessary for him for firewood and other uses on the grantor's farm in the town of Dodgeville."

Thomas Williams died November 4, 1900, testate, at the age of seventy-seven years. His will made certain bequests, and all the rest, residue, and remainder of his estate was devised and bequeathed to twelve of his children share and share alike. The executrix was authorized to sell and convey his real estate and to convert it into money and to make distribution of the proceeds as directed by the provisions of the will. In the

administration of the estate no account was taken of the timber saved, excepted, and reserved to the grantor in the deed. The plaintiff *John T. Williams,* one of the children of Thomas Williams, to each of whom was given a one-twelfth interest in the residue of the estate, has obtained a quitclaim deed from ten of his brothers and sisters of their shares in the property reserved by the deed of their father. *Bessie Williams* and *Doris Williams* are the children and *Mattie Williams* the widow of Hugh T. Williams, deceased, one of the children of Thomas Williams given a share in the residue of the estate of Thomas Williams.

The complaint alleges that defendant has, since December 14, 1904, the date of the quitclaim deed from his brothers and sisters to *John T. Williams,* cut down and carried away from this south half of the forty acres timber to the value of $190, and judgment is demanded for that sum. The answer sets up the claim of title to the lands and the timber growing thereon, and counterclaims for damages done by the plaintiffs in cutting timber from this south half of the forty. The trial court found for the defendant and awarded him $121.40 on his counterclaim. This is an appeal from this judgment.

For the appellants there was a brief by *Richard Carter* and *Vroman Mason,* and oral argument by *Mr. Mason.* They argued, among other things, that if the doctrine of equitable conversion applies to this case the facts show an election by the heirs and devisees to consider the timber as land, and hence that there was a reconversion. 7 Am. & Eng. Ency. of Law (2d ed.) 480, 482; *Hetzel v. Barber,* 69 N. Y. 1, 11; *Prentice v. Janssen,* 79 N. Y. 478; *De Vaughn v. McLeroy,* 82 Ga. 687; *Beal v. Stehley,* 21 Pa. St. 376; *Ridgeway v. Underwood,* 67 Ill. 419. The clause in the deed relating to the timber constituted an exception, as distinguished from a reservation. 3 Washb. Real Prop. (6th ed.) §§ 2352, 2353; Shep. Touch. 80; *Pritchard v. Lewis,* 125 Wis. 604; *Rich v. Zeilsdorff,* 22 Wis. 544; *Martin v. Gilson,* 37 Wis. 360; *Fischer v.*

*Laack,* 73 Wis. 313, 320; *Craig v. Wells,* 11 N. Y. 315. The right to the timber being an exception, that is, something withheld and not granted at all, it would remain in the grantor and his heirs, and words of inheritance would not be required to retain the fee. *Emerson v. Mooney,* 50 N. H. 315; *Whitaker v. Brown,* 46 Pa. St. 197; *Winthrop v. Fairbanks,* 41 Me. 307; *Smith v. Ladd,* 41 Me. 314; *Burr v. Mills,* 21 Wend. 290; *Hagerty v. Lee,* 54 N. J. Law, 580, 20 L. R. A. 631, note. Although at common law a reservation, being the same as a grant in that it created a new right or estate in the grantor, required words of inheritance to reserve a fee, yet this would not be necessary under our statute. Sec. 2206, Stats. (1898); *Karmuller v. Krotz,* 18 Iowa, 352; *Sears v. Ackerman,* 138 Cal. 583, 72 Pac. 171; *Babcock v. Latterner,* 30 Minn. 417.

For the respondent the cause was submitted on the brief of *J. P. Smelker.*

SIEBECKER, J. The rights of the parties to damages under the respective claims set forth in the pleadings depend upon their right to and interest in the timber involved. The controversy arises under the foregoing clause of the deed. The trial court held that Thomas Williams, the grantor in the deed, retained no interest in the timber embraced in this clause other than the right to cut and remove it during his life, and that whatever timber he did not so cut and remove belonged to the defendant, the grantee in the deed. This could only result from construing it to be in effect a reservation of the right to cut and remove the timber only during his lifetime. The appellants aver that the court erred in so construing it, and contend that this provision constitutes an exception to the conveyance of the forty acres embraced in the deed, and that the grantor retained the title to all the timber growing and standing on the south half of these premises.

The distinction between a reservation and an exception in a

deed was observed and noted in the early case of *Rich v. Zeils-dorff,* 22 Wis. 544, and it was declared "that a reservation is always of something taken back out of that which is clearly granted; while an exception is some part of the estate not granted at all." This case dealt with rights growing out of a provision of a deed respecting timber, and it was held that where "the timber is reserved, . . . the courts hold that this is strictly an exception, since it is part of the realty, or a part of the estate, and would have passed to the grantee but for the exception. The property in the timber continues in the grantor, with the right in so much of the soil as is necessary to sustain it." Page 548. The language of the clause in this deed respecting the timber in question is the following: "Saving, excepting and reserving for himself, the grantor herein, all the timber now growing and standing on the south half of the said premises." The words employed distinctly convey the idea that the right to all the timber "growing and standing" on the land is retained by the grantor. The effect of this is that the title to the timber was retained by the grantor, and this operates to except it from the conveyance. The part of this clause wherein the grantor reserved "the right at all times to enter on said premises to cut and haul the said timber away during the next forty years, but the grantor herein agrees to cut and haul away each year what is necessary for him for firewood and other uses on the grantor's farm in the town of Dodgeville," shows that the parties contemplated a forty-year limitation for its removal, and that the grantor undertook to remove so much of it every year as he needed for his farming purposes. This condition in no way conflicts with the claim that the grantor did not part with the title to this timber, nor does it tend to show that he reserved merely the personal right to cut and remove timber within the period of forty years. The fact that grantor at the time of the conveyance was of the age of seventy-six years is persuasive that the parties did not contemplate that the forty-year limitation within which the

timber was to be removed reserved no more than a personal right in the grantor to cut and remove the timber. The practical certainty that he would live but a small part of this period negatives the idea that he reserved no more than a personal right to cut and remove it, but indicates that he retained a title and interest in the timber which would go to his heirs at his death, and that they were limited to this period in which to remove it as their property. This construction of the clause gives full effect to every part of it, and, when applied to the facts and circumstances surrounding the parties when the transaction occurred, harmonizes the natural significance of the phraseology employed with what seems to have been contemplated by the parties. In the following cases in this court questions of a similar nature were considered: *Golden v. Glock,* 57 Wis. 118, 15 N. W. 12; *Pritchard v. Lewis,* 125 Wis. 604, 104 N. W. 989; *Strasson v. Montgomery,* 32 Wis. 52. In other jurisdictions, see *Whitaker v. Brown,* 46 Pa. St. 197; *Winthrop v. Fairbanks,* 41 Me. 307; *Sears v. Ackerman,* 138 Cal. 583, 72 Pac. 171. Under this construction of the clause, the growing timber on the premises at the time of grantor's death was real estate owned by him, and he had an interest in so much of the soil as was necessary to sustain it. 28 Am. & Eng. Ency. of Law (2d ed.) 543; *Strasson v. Montgomery, supra; Young v. Lego,* 36 Wis. 394; *Lillie v. Dunbar,* 62 Wis. 198, 22 N. W. 467.

The trial court seems to have given much weight to the conduct of the executrix of the will of Thomas Williams in not treating this timber as grantor's property and in not converting it into money for distribution as directed by the will. We cannot perceive that so much weight should be given to the action of the executrix. The heirs seem to have consistently treated the timber as part of their father's estate by entering on the premises and claiming it as their property and by removing part of it under such claim of ownership, and by all of them, except the heirs of Hugh Williams who appear as plaintiffs, deeding their interests to the plaintiff *John T. Will-*

*iams.* We must regard such conduct on the part of the heirs as an effectual election to treat this timber as real estate when it had not in fact been converted as directed in the will.

From these considerations it follows that Thomas Williams was the owner of the timber in question at the time of his death, that it constituted part of his estate, and title thereto passed to his heirs under the will. By their conduct they elected to hold it as real property without converting it as directed by the will. The defendant therefore wrongfully cut and removed some of the timber and plaintiffs are entitled to compensation therefor.

The judgment of the trial court awarding defendant damages and denying plaintiffs relief must be reversed, and the cause remanded with directions to grant judgment to plaintiffs for such sum as the court may find will compensate them for the timber which defendant wrongfully removed from the premises in question, and for costs.

*By the Court.*—So ordered.

TIMLIN, J. (*dissenting*). The court below considered the provision in question a reservation rather than an exception. Thereupon it became necessary to determine the duration of the estate or rights reserved. This presented a question not of the mere omission of words of inheritance in the reservation, but also of the legal effect of the affirmative words employed therein. The whole property is first granted. Then, "saving, excepting and reserving *for himself, the grantor herein,* all the timber now growing and standing, . . . with the right at all times to enter on the said premises to cut and haul the said timber away during the next forty years, but the grantor herein agrees to cut and haul away each year what is necessary for him for firewood," etc. I think this was a reservation within the rule of cases cited in the majority opinion. The words "exception" and "reservation" represent incompatible ideas in the law, and if both terms be employed to describe the same thing one or the other must yield. The same thing can-

not be at once an exception and a reservation. It seems to me that here both terms are employed to describe the same estate or right. No such estate or right in the timber as the grantor has by this provision existed prior to the conveyance in question. No such estate or right as the grantor by this provision has in the timber could therefore be created by mere exception from the grant. It is a new right, differing from his former estate or right not only in point of duration, but also with respect to his duty to cut and remove each year. Under the disposition of this case made by the majority, what has become of the right of the grantee to enforce annual removal? If this is a reservation instead of an exception, and there is not only an absence of words of inheritance but words in the instrument as well as extrinsic facts tending to show that the reservation was personal to or during the life of the grantor, the court below was justified in holding that the rights therein reserved did not survive the grantor, and consequently the judgment below should be affirmed.

CASSODAY, C. J., took no part.