**FAIR v. COMMISSIONER OF INTERNAL REVENUE.**

No. 6361.

Circuit Court of Appeals, Third Circuit.

June 2, 1937.

Franklin F. Russell, of New York City, for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, J., Louis Monarch and Joseph M. Jones, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The petitioner is the executrix of the estate of William B. Fair, deceased. The decedent, a citizen of the State of New Jersey, died July 12, 1932. At the time of his death he was the owner of three hypotecas upon lands in Cuba. The Commissioner included the value of those hypotecas in the decedent's gross estate and assessed a deficiency. The applicable statute is section 302(a) of the Revenue Act of 1926 (44 Stat. 70), which reads:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death."

Had this section alone been presented to us for construction, it would appear that the value of the hypotecas was properly included in the decedent's gross estate. The Attorney General, however, in an opinion dated May 14, 1918 (31 Op.Attys.Gen. 287), said, concerning a substantially similar provision of the Revenue Act of 1916: "Real estate as such located outside of the United States, belonging to a decedent resident within the United States should not be included in determining the value of the gross estate of such decedent for the purposes of the tax imposed by Title II of the revenue act of September 8, 1916 (39 Stat. 777)." The Treasury Department accepted this view and incorporated the ruling in 2 T.D. 3735, 20 Treasury Decisions 435: "The

value of real estate, belonging to a decedent resident within the United States at the time of his death, located outside of the United States, meaning thereby the States, Territories of Alaska and Hawaii, and the District of Columbia, should not be included in determining the value of the gross estate of such decedent for the purposes of the tax imposed by Title II of the revenue act of September 8, 1916." The same limiting thought was incorporated in the subsequent taxing act of 1934, where section 404 (26 U.S.C.A. § 411) specifically excepts real property situated outside the United States from inclusion in a decedent's gross estate.

The "hypotecas" in question are, describing them rather freely, mortgages without accompanying bond and without a personal debt obligation on the part of the mortgagor. They are classified by Cuban law as "immovables," which term is substantially equivalent to our term "real property." As real property situated outside the United States the value of the hypotecas should have been excluded from the decedent's gross estate and exempted from the transfer inheritance tax.

The decision of the Board of Tax Appeals is reversed.