Monitor Manufacturing Company, Respondent, vs. Jones, Assignee, Appellant.

*June 12 — June 24, 1897.*

*Contracts: Agency: Conditional sale or consignment on commission?*

Contracts appointed N. as agent "for the sale, on commission," of plaintiff's machines, fixed the commission at the amount received above net prices quoted, and ordered certain machines to be shipped on or before a certain date, to be paid for "one half six months, balance eighteen months, in farmers' notes," final settlements to be made on certain dates, and discounts made for cash. They also provided, among other things, that all machines and their proceeds were to remain the property of plaintiff until so settled and paid for; that settlement should be made at any time on demand of plaintiff, and the entire proceeds of sales turned over to it; that the plaintiff should pay N. his commission from such proceeds; that all notes, taken in payment for machines, which did not comply with the terms of the contract should be applied on N.'s commission; that N. should pay the plaintiff fifty per cent.

of all losses by reason of uncollectible notes, upon their being assigned to him; and that he should pay all freight, taxes, and insurance on machines ordered, and all damages sustained to them by reason of their not being properly housed. *Held,* that the contracts called for consignments of goods to be settled for out of the proceeds of sales, and were not contracts of conditional sale.

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Affirmed.*

Action of replevin for a lot of agricultural implements. The implements were manufactured by the plaintiff corporation, and placed in the hands of the firm of J. A. North & Sons for sale under several agency contracts, the essential parts of which contracts were all substantially alike, and were as follows:

"*Monitor Manufacturing Co.,* of Minneapolis, Minn., and J. A. North & Sons, of Fox Lake, county of Dodge, state of Wisconsin, agree and contract, to wit: Said company hereby appoints said J. A. North & Sons as its agent or agents for the sale, on commission, of its machines, until all goods shipped under terms of this contract are sold or turned over to *Monitor Manufacturing Co.,* which shall be done on the latter's order.

"Said J. A. North & Sons accept the agency, and agree to the conditions of this contract. Said agent or agents are to solicit for orders thoroughly in the following described territory, and in such territory only:

"Fox Lake and vicinity.

"*Monitor Manufacturing Co.* agree to furnish said agency with machines as follows, and as ordered up to October 1st, 1895, the commission to consist of amount received above the following net prices. [Here follows a list of the machines and prices.]

"Said agent or agents desire goods ordered above to be shipped on or about Feb. 1st, 1895, *on terms, one half six months, balance eighteen months, in farmers' notes, with legal*

*rate of interest if paid at maturity; if not so paid, interest
at highest legal contract rate from April 1, next, on spring
sales, and Sept. 1, next, on fall sales. Final and complete set-
tlement for all spring sales shall be made on or before May 1,
next, and for all fall sales on or before Oct. 1, next. For notes
maturing first fall, or in six months, in excess of same amount
due second fall, or eighteen months, acceptable to Monitor
Manufacturing Co. in settlement, a discount of five per cent.
will be allowed. Cash discount ten per cent. up to July 1, 1895.*

"All machines and their proceeds shall remain the prop-
erty of the *Monitor Manufacturing Co.* until so settled and
paid for.

"Retail prices to be governed by *Monitor Manufacturing
Co.'s* printed blank orders. On each sale one of said orders
to be filled out with a true property statement, and times
of payment.

"*Sales to be made to good and responsible parties only.* All
notes to be drawn to the order of *Monitor Manufacturing
Co.* Said agent or agents agree to render at time of settle-
ment, to *Monitor Manufacturing Co.*, a true statement of
all sales, and to have on hand the entire proceeds of each
and every sale, and to deliver to *Monitor Manufacturing
Co.* or its authorized agent, such complete proceeds, from
which said company shall pay said agent or agents the com-
mission due on sales, such payment to be *pro rata* in cash
or notes in proportion of the commission to the net prices
above given. Sales made by trade, other property than
notes being received, shall be considered same as cash sales.
In case notes tendered to *Monitor Manufacturing Co.*, as
proceeds of sale, do not each contain a true property state-
ment of at least $1,000 over and above all indebtedness and
exemptions, or, in lieu of this statement, are not each secured
by first mortgage, duly executed and recorded, on property
of $300 market value, said company shall not be bound to
accept such notes, but the agent or agents hereby agree to

accept them to apply on his or their commissions. However,. be it understood that in no case shall the represented value of notes not complying with the conditions of this contract. exceed agent's commission.

" On any sale or sales made by said agent or agents under · this contract that prove a partial or total loss by reason of the uncollectibility of notes, said agent or agents agree to · pay to *Monitor Manufacturing Co.* fifty per cent. of the loss on such notes, payment to be made either in cash or notes acceptable to *Monitor Manufacturing Co.*, whenever said company transfer to the agent or agents the claim or claims on which settlement by virtue of this agreement is demanded..

" Said agent or agents agree to receive and pay freight on all machines shipped, taxes, insurance, and all damages sustained to the machines by their not being properly housed, on all machines carried that he or they may have ordered. If *Monitor Manufacturing Co.* relieve said agent or agents. of any machines, said agent or agents agree to put machines aboard cars free of charge, and will also pay at settlement. as much as the difference between place of reshipment to the · point shipped, so as to make it equal to freight from factory.

" Said agent or agents to sell the machines subject to the · regular warranty furnished, and not to engage in the sale of other machines of the same kind during the term of this. contract. *Monitor Manufacturing Co.* agree to use its best. efforts to ship all machines ordered, but shall not be held responsible to said agent or agents in case the demand exceed the supply.

" At the request of *Monitor Manufacturing Co.* complete · returns of all machines delivered on this contract shall IMMEDIATELY be sent to said company.

" A commission of twenty per cent. allowed on the sale of repairs, excepting rubber grain-drill tubes, which are furnished on net cash terms. All repairs to be settled for in. cash.

. " All 12 Bar P. F. seeders sold net cash July 1, 1895, $31.00 each.

" Freight equal to Beaver Dam.

" Notes in our favor turned over to agents as commission must be sent to our office for indorsement.   Our road representatives have no authority to indorse notes in our name.

" MONITOR MANUFACTURING Co."

The firm of North & Sons afterwards made a voluntary assignment for the benefit of creditors to the defendant,. *Jones,* who duly qualified, and took possession of the property as such assignee.   The plaintiff demanded the property from *Jones,* who refused to deliver it, claiming to hold it rightfully as assignee of North & Sons.   Thereupon this action was brought, and, the above facts appearing without dispute, and the value of the property being agreed upon,. the court directed the usual replevin verdict to be rendered in favor of the plaintiff, and from judgment thereon the defendant appealed.

For the appellant there was a brief by *Malone & Bachhuber,* and oral argument by *J. E. Malone.*   To the point that the assignor held the goods under a conditional sale,. they cited *Harkness v. Russell,* 118 U. S. 663; Benjamin,. Sales (4th ed.), §§ 329–336; 21 Am. & Eng. Ency. of Law, 628, 630; *Sumner v. Woods,* 67 Ala. 139; *S. C.* 42 Am. Rep. 104; *Peters v. Fetherstun,* 61 id. 466; *Thomas v. Parsons,* 87 Me. 203; *Norwegian Plow Co. v. Clark,* 70 N. W. Rep. 808; *Bentley v. Snyder,* 69 id. 1023; *Moline Plow Co. v. Braden,* 71 Iowa, 141; *Kellam v. Brown,* 112 N. C. 451; *Chickering v. Bastress,* 130 Ill. 206; *Mack v. Drummond Tobacco Co.* 48 Neb. 397; *Aspinwall Mfg. Co. v. Johnson,* 97 Mich. 531; *Peoria Mfg. Co. v. Lyons,* 153 Ill. 427.

*C. E. Hooker,* for the respondent.

WINSLOW, J.   The defendant's contention is that the contracts under which the implements were placed in the hands

of North & Sons were in fact contracts of conditional sale of the machines, and hence void as to all persons save the parties and those having actual notice thereof, because they were never filed in the office of the town or village clerk, as required by sec. 2317, R. S. This is the only substantial contention made, and, if it fails, the judgment must be affirmed.

Careful perusal of the contracts convinces us that they were commission contracts in legal effect, and not contracts of conditional sale. The contracts are quite similar in their terms to the contract which was under consideration in *Williams M. & R. Co. v. Raynor*, 38 Wis. 119, and which was held to be an agency or commission contract; and much that is there said applies with equal force to this case. The controlling question undoubtedly is whether the contract provides for consignments of goods to be settled for at fixed prices out of the proceeds of the goods when sold, or whether, under the terms of the contract, the alleged consignee is in fact a purchaser, and becomes liable for the goods, when sold, as a principal debtor; and these questions are to be determined not so much by the words used as by the evident intent and legal effect of the provisions. Scrutinizing the various provisions as carefully as possible, we conclude that the contract before us calls for consignments of goods to be settled for out of the proceeds of sales, and does not make the consignees purchasers of the goods.

*By the Court.*— Judgment affirmed.