FORD MOTOR COMPANY and another, Appellants, vs.
MAEDER, Respondent. ·

*March 11—April 6, 1920.*

*Sales: Conditional sale contract: Time of payment not specified:
Filing not constructive notice.*

The filing of a conditional sale contract in the proper office, no
time being fixed in the contract for the payment of the pur-
chase price of the article sold, is not constructive notice of
the sale, such contract not being entitled to filing under sec.
2317, Stats.

APPEAL from a judgment of the circuit court for Shaw-
ano county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

Action of replevin to recover possession of a Ford tour-
ing car sold by one McLeod, a subagent of the *Marathon
Motor Car Company,* to the defendant. McLeod did not
sell the car as agent of the *Marathon Motor Car Company,*
but as the owner thereof. He had previously bought it
of the *Marathon Motor Car Company* under a conditional
sale contract on file in the city clerk's office at Wausau, the
proper place for its filing.

The provisions in the contract for payment of the pur-
chase price of $378 are as follows:

"Of which I agree to pay fifty and 00-100 dollars ($50)
upon acceptance in writing of this order, and the balance
of three hundred twenty-eight and 40-100 dollars ($328.40)
within forty-eight (48) hours after I have been notified by
the company through its duly appointed limited agents that
automobile is ready for delivery." . . . "It is expressly agreed
that the legal title to the said automobile to be delivered to
me under this agreement shall be and remain in the company
until the full purchase price thereof, as above stipulated,
shall have been paid in money to the company."

The bill of sale attached to the contract contained this
clause as to payment: "and in consideration of the sum of
three hundred seventy-eight and 40-100 dollars ($378.40)
to first party in hand paid or to be paid, does hereby sell,"

etc.. Across the face of the agreement is written in long hand, "Time sale. Return bill of sale to agent," and on its face and on the face of the bill of sale are stamped with a rubber stamp, "Car sold on time. Return bill of sale to agent." The trial court held that the contract was not entitled to filing, and, since the undisputed proof showed that defendant had no actual notice of any infirmity in McLeod's title, he was the owner of the car and entitled to possession thereof. From a judgment entered accordingly the plaintiffs appealed.

For the appellants the cause was submitted on the brief of *Bird, Okoneski & Puchner* of Wausau.

*M. W. Sweet* of Wausau, for the respondent.

VINJE, J. It will be noticed that neither in the contract for the purchase of the car nor in the bill of sale is the time for payment specified. Indeed, there is much force in the argument of defendant that the contract and bill of sale require payment of the full purchase price before delivery of the car can be made to the purchaser. But, treating it as a time sale, there is no way of ascertaining the time of payment. Sec. 2317, Stats. 1917, provides that the "effect of such filing shall not extend for more than one year after the time fixed for payment of the contract price or for the performance of the other conditions of such sale." This clearly contemplates that the time of payment, where there are no other conditions, must be fixed in the contract filed in order to give notice. Prospective purchasers are entitled to know definitely when the effect of the filing expires, and if the contract is silent as to time of payment the filing can give no notice to any one because it does not comply with the statutory requirement of fixing the time of payment, and hence is not entitled to filing. The suggestion that it ought to be held good for one year after the date of the contract is not well taken. The statute makes no such provision and

this court can make none.    To secure the benefit of the statute it must be substantially complied with.

The plaintiff contends that, though the statute does not apply, the contract is nevertheless valid though not filed, and cites *Lillie v. Dunbar,* 62 Wis. 198, 22 N. W. 467; *Wadleigh v. Buckingham,* 80 Wis. 230, 49 N. W. 745; *Monitor M. Co. v. Jones,* 96 Wis. 619, 72 N. W. 44; and *Mississippi R. L. Co. v. Miller,* 109 Wis. 77, 85 N. W. 193.   In the first case it was found that the purchaser had actual notice, and besides, the subject matter was standing timber—real estate,— and the purchaser was chargeable with the seller's record title.    The same is true as to the last case.    In *Wadleigh v. Buckingham,* 80 Wis. 230, 49 N. W. 745, the contract was entitled to filing and was filed, and of course held to be notice to third parties.    In *Monitor M. Co. v. Jones,* 96 Wis. 619, 72 N. W. 44, the contracts were held to be commission contracts and not contracts of conditional sale and were not entitled to filing and were not filed.    Since they were not contracts of conditional sale, the statute did not apply and the title never passed out of plaintiffs even as against third persons.    Here we have a clear conditional sale contract which passes title as to third parties without notice.    It was undisputed that defendant had no notice except such as the filing of the contract might give, and since the contract was not entitled to filing he had no notice.

*By the Court.*—Judgment affirmed.

WINSLOW, C. J., and KERWIN and ROSENBERRY, JJ., took no part.