## Allegheny county *versus* Shoenberger.

1. Shares of bank stock are not subject to taxation for county purposes.
2. The only mode of taxing bank stock is that prescribed by the 21st sec. of the Act of 1850, imposing a tax on dividends only.

ERROR to the judgment of the District Court of *Allegheny county* upon the following stated case:

"It is admitted that the defendant, Shoenberger, owned and held during the whole of the year 1852, the sum of $43,000 of the capital stock of the Exchange Bank: that the Commissioners of said county, during the year 1852, assessed against said defendant, a tax of three and one-half mills on the $43,000 of stock so owned and held by said defendant, for county purposes; the said plaintiff claiming, and the said defendant denying, that said tax is legal, and that said defendant is liable to pay the same. It is further agreed, that if, in the opinion of said court, upon the facts admitted and concessions aforesaid, the said tax is valid and legal, and that said defendant is legally bound and liable to pay the same, then judgment shall be entered in said amicable action, by said Court, in favor of said plaintiff, against said defendant, for the sum of $150.50 damages, and costs of suit; but, if the court should be of opinion, upon the matters aforesaid, that said tax is not valid and legal, and that said defendant is not legally bound to pay the same, then judgment shall be entered by said court, in said amicable action, in favor of the defendant, and against said plaintiff, for costs; and both parties reserve the right and privilege of suing out a writ of error upon the judgment to be rendered by the District Court in the premises."

July, 16, 1853, the court, WILLIAMS, J., entered judgment in favor of the defendant, and against the plaintiff, for costs of suit upon the case stated.

The entry of judgment was the error assigned.

*J. H. Sewell*, for plaintiff in error.

*A. W. Loomis*, for defendant in error.

The opinion of the court was delivered October 3, 1853, by LOWRIE, J.—The question here is, are shares of bank stock

subject to taxation for county purposes? By the tax law of 1844, sec. 32, "shares of stock in any bank" are made taxable for "state and county purposes," and sec. 33, prescribes the measure of the state tax and the mode of collecting it. But all this was changed by the law of 1850, regulating banks. By sec. 21, the tax on dividends is considerably increased, and by sec. 46, a direct tax is added on the stock itself, with a proviso that the stock shall not be subject to taxation for any other purpose; and this provision remains in the supplementary law of 1852, Pamph. L., p. 443, which repeals this direct tax; and the result is that the 21st sec. of the act of 1850, is the only rule for taxing bank stock, and it is not taxable for county purposes. We cannot appreciate the distinction that would make the shares in the hands of the owners liable, while the capital stock is expressly exempt.

And we can see reasons that justify the exemption of bank stock from all other than state taxes. The State needs this source of revenue for its own purposes, and it may not suit to leave it open to general taxation. Moreover, banks are not allowed to deal with their money as they please, and to fix their own rates of discount, and with such restrictions on them it might not be just to impose upon them the same burdens that can well be borne by the wealth that is unrestricted in the mode of its employment. Besides this, the burden of such taxation is very unequal, most of it escaping taxation by favoritism, concealment or carelessness.

Judgment affirmed.