## Mintzer *versus* The County of Montgomery.

1. Stock of national banks is taxable for state purposes in the hands of the stockholders.

2. The words "other governments," in Act of April 29th 1844, § 32, include the United States.

3. Allegheny County *v.* Shoenberger, 1 Grant 35, is not applicable to national banks.

4. The shares in national banks are left open to state taxation by the Act of Congress, June 3d 1864, § 41.

5. The enabling Act of August 22d 1864, applies only to banks which have availed themselves of its provisions.

January 21st 1867. Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ. STRONG, J., at Nisi Prius.

Error to the Court of Common Pleas of *Montgomery county*.

This was an action by the county of Montgomery, against

[Mintzer *v.* County of Montgomery.]

William Mintzer, to recover $47.55, the amount of state tax assessed on 317 shares of stock in the Pottstown National Bank, owned by him.

The facts of Mintzer's ownership of the stock, the regular assessment of the tax at three mills per dollar and the amount of the assessment, were agreed upon in a case stated; and it was submitted for the opinion of the court below, whether Mintzer was liable for the payment of the tax.

The court entered judgment for the county for $47.55, the amount of the tax.

Mintzer took a writ of error, and assigned the entering of this judgment for error.

*J. Boyd,* for plaintiff in error.—The capital stock of national banks is not liable for state tax, unless there be some act authorizing it: Commonwealth *v.* Duffield, 2 Jones 281. The Act of April 29th 1844, § 32, Purd. 949, pl. 117, Pamph. L. 497, authorizes taxation of stock in any bank, &c., incorporated by " this commonwealth or any other state or *government.*" By " other government," was not intended the General Government, but a foreign government. National banks were not thought of in 1844: Allegheny County *v.* Shoenberger, 1 Grant 35; Acts of April 16th 1850, § 21, 46, Pamph. L. 487, 493; August 22d 1864, Pamph. L. 977. Stocks issued on United States bonds are not taxable: United States *v.* Weise, 2 Wall. Jr.

*C. S. Tyson,* for defendant in error.—The Act of Congress of June 3d 1864 authorizes states to tax shares in national banks, held by individuals or corporations: Van Allen *v.* Nolan, 5 Am. Law Reg. N. S. 610. " Other governments," in the Act of 1864, includes the United States. Acts of Assembly referring to foreign governments speak of them by that term: Acts of April 26th 1855, § 5, Purd. 202, pl. 52, Pamph. L. 329; March 10th 1810, § 1, Purd. 553, pl. 21, 1 Smith's Laws 106; April 9th 1856, § 1, Purd. 553, pl. 24, Pamph. L. 284; May 7th 1857, § 1, Purd. 555, pl. 31, Pamph. L. 423.

The opinion of the court was delivered, February 25th 1867, by

AGNEW, J.—Are the shares of stock in the national banks liable in the hands of stockholders to a state tax? This is the question in the stated case, and it presents two points.

1. Is the taxation provided for in the state law?
2. Is it forbidden by the Act of Congress?

The 32d section of the Act of 29th April 1844, provides for the taxation of debts, accounts, contracts, stocks in incorporated and unincorporated associations, and public loans. The leading intent of the law seems to be to reach money in every form of investment. With this guide to interpretation the meaning of the

stock clause is plain.   It says, "Also all shares or stock in any bank, institution or company, now or hereafter incorporated by or in pursuance of any law of this Commonwealth or of any other state or *government*.   It is true there were no national banks when the act was passed, but its operation was made prospective. Unless, therefore, we deny that the United States are a government, we must say that corporations created under an Act of Congress are incorporated in pursuance of the law of another government.   Those existing under the laws of other states are provided for in terms, and the expression " any other government," must be confined to foreign governments if not applicable to that of the United States.   But this would be to interpolate the word foreign contrary to the main intent of the act.   Capital would be much more likely to run into national banks erected in our midst, than to flow into foreign institutions.   Thus an immense amount of pecuniary capital in the hands of the wealthy would escape taxation if the term government be forced out of its natural signification.   Looking at the intent to reach all kinds of money investments, we should sadly miss the legislative mark by restricting the subject of taxation to shares in foreign institutions.   In the 33d section the legislature provided the mode of collecting the state tax upon stocks of corporations created by any law of this Commonwealth, making the payment directly from the corporation into the treasury of the Commonwealth.

This mode is somewhat varied, and is now supplied by the Act of 12th April 1859.   But this proceeding being confined to the corporations of this state, and not reaching those of other states or governments, the 32d section of the Act of 1844 remains operative upon the shares of the stockholders in the institutions of the latter class.   Hence the decision in Allegheny County v. Shoenberger, 1 Grant 35, is not applicable to the stock of the national banks.   The question there related to the stock in our own state banks.   The General Banking Law of 1850, and the supplement of 1852, as to state bank taxation, providing for the exemption of the stock of the state banks from taxation other than for state purposes, it was held in that case that such stock was exempt from taxation for county purposes.   But that does not touch the case before us.   The shares of the banks and other corporations of other states and governments remain liable to assessment under the 32d section of the Act of 1844.

It is equally clear that the shares in national banks have been by express provision in the 41st section of the National Banking Law of 3d June 1864, left open to state taxation as a part of the personal estate of the holder—provided the rate of taxation do not exceed that assessed upon other moneyed capital in the hands of individual citizens of the state, and do not exceed the rate imposed by the state upon her own state banks.   The language

[Mintzer *v.* County of Montgomery.]

of the several provisions of the Act of Congress (says Justice Nelson), is so explicit and positive as scarcely to call for judicial construction: Van Allen *v.* Nolan *et al.*, Am. Law Reg. vol. 5, p. 610. The stated case raises no question of excess in the rate of assessment or of repugnance to the provisoes in the 41st section. It is, therefore, unnecessary, with the decision of the superior court before us, to say more on this branch of the subject.

The enabling Act of 1864 applies only to the banks which availed themselves of its provisions. There are several state banks which did not, among them the old Bank of Pittsburg, which never suspended specie payment, and yet remains a state bank. But even had all the banks of this commonwealth gone in under the national system, leaving no state banks in existence, the law for taxing state banks would still remain, and would apply to any state banks which might arise. The question is not whether a subject of the tax may chance to be found, but whether there is a law to apply to it if it shall be found. But it is sufficient that the law stands unrepealed, and we know of at least one remaining state bank.

The judgment is therefore affirmed.

WOODWARD, C. J., dissented.