WELLS *et al.* v. MAYOR & ALDERMEN OF SAVANNAH *et al.*

1. Real estate in Savannah held by purchase from the city, the terms of purchase being the payment of an annual ground rent forever, or, at the election of the purchaser, his heirs, executors, administrators or assigns, the payment in full of the stipulated purchase money at any time, is taxable by the municipal government as the property of the purchaser or his successor in the title.

2. There was no error in denying the injunction prayed for to restrain the collection of the tax.

July 20, 1891.

Injunction. Taxation. Municipal corporations. Title. Before Judge FALLIGANT. Chatham superior court. December term, 1890.

Wells *et al.* excepted to the denial of a temporary injunction against the mayor and aldermen and the city marshal of Savannah, to restrain the enforcement of executions for municipal taxes against certain lots of land in that city, known as " city lots " or " leased lots " or " ground rent lots." The facts of the case sufficiently appear in the decision. Another assignment of error is, that the judge granted the order of denial on motion of the defendants' attorney in open court, without notice to the plaintiffs' attorney, the rule having been returnable to the judge at chambers and not to the superior court. In a note to the bill of exceptions the judge says that this assignment is verbally true, but the order was drawn by his direction and not on motion of counsel; that the case had been fully argued in chambers and decision reserved ; and that while on the bench in open court, disengaged, the defendant's counsel came in, and the judge called him and directed the drawing of the order.

J. R. SAUSSY, for plaintiffs.

S. B. ADAMS, for defendants.

BLECKLEY, Chief Justice.

Some cases task the anxious diligence of a court not by their difficulty but their simplicity. This is one of them. Because the case seemed too plain for controversy, we have had some apprehension that we might decide it incorrectly. Impressed always by the ability and learning, the wide research and earnest advocacy of the distinguished counsel for the plaintiffs, we have

experienced a vague dread that we might stumble over legal obstacles which, if they exist, a treacherous darkness conceals. In order to examine the ground thoroughly, we have held up the case for months, read authorities cited and not cited, perused books before unknown to us, deliberated, meditated, considered and reconsidered. But to the last hour we have discovered nothing debatable in the controlling question raised for our decision, fringed though it certainly is with technical niceties of great delicacy and much interest. To which side the artificial logic of these niceties would incline the scale is immaterial, for the solid practical subject of taxation must be dealt with on broader principles. The value of property consists in its use, and he who owns the use forever, though it be on condition subsequent, is the true owner of the property for the time being. This holds equally of a city lot or of all the land in the world. Where taxation is *ad valorem*, values are the ultimate objects of taxation, and they to whom the values belong should pay the taxes. Land sold or by a contract of bargain and sale demised forever subject to a perpetual rent, is taxable as corporeal property; and in private hands the rent also is taxable as an incorporeal hereditament. The tax on the former is chargeable to the purchaser or perpetual tenant, and on the latter, to the owner of the rent. The corporeal property in such case is at the direct risk of the purchaser; he alone sustains the losses of depreciation in value, and he alone takes the benefit of appreciation. The vendor risks only the fixed rent, or the fixed purchase money, and neither of these will ever become more or less by anything which may happen to the premises. Only his security, not his property, will be affected thereby. It is to be assumed that the whole contract between the parties will be observed, not broken, and their true relation to the property is to be determined on that assumption. Possession of real

estate attended with an indefeasible right to occupy in perpetuity, and also with an indefeasible right to be clothed with the fee upon the voluntary payment of a fixed sum as purchase money, will constitute the purchaser the substantial owner of the property. So long as his possession, supplemented with these rights, continues, he is not a mere lessee but a purchaser admitted into possession on the faith of his contract of purchase. Such were the contracts involved in the present case, and under them the purchasers have the actual possession and use of the premises, with the right to hold forever, on condition of paying up the purchase money whenever they please, and until that time an annual ground rent due by quarterly instalments, the amount of which is fixed by contract, and is the equivalent of interest at a moderate rate *per annum* on the unpaid purchase money. In all essential respects, so far as liability for taxes is concerned, these purchasers are in the position of ordinary purchasers in possession under a bond for title, and these last are chargeable with accruing taxes on land so held. *Bank* v. *Danforth*, 80 *Ga.* 55. Not an iota of beneficial ownership in the city lots now in question abides in the municipality. The city but retained a qualified and wholly unproductive title as security for the purchase money and, until that shall be paid, as security also for the annually accruing compensation under the name of ground rents in lieu of interest on that money. If the municipal government held all the values in the city as trustee for the owners, or as security for purchase money, these values would be none the less taxable for that reason. The constitution of the State requires that taxes on property shall be *ad valorem*, and that when any part is taxed, all shall be taxed which is subject for the time being to the taxing power in the given locality. This rule is without exception. It prevails in Savannah. *Mayor & Aldermen*

*of Savannah* v. *Weed*, 84 *Ga.* 683. The property in question is situate in that city, and, as already said, its beneficial ownership is not in the municipality, but in those who long ago purchased it from the city or who hold under such purchasers by succession to their title. Relatively to the question of taxation, it makes no substantial difference whether the estate or property or beneficial owners be classed as realty or personalty; whatever property of either kind belongs to them is taxable *ad valorem*. That the so-called ground rent lots, as long as the conditions of sale are unbroken, are the property of the purchasers, follows from what was decided by this court in *Laurence* v. *The Mayor*, 71 *Ga.* 392; and that case shows that, even after condition broken, the limit of the city's rights would generally be to have all arrearages cleared and discharged, the surplus proceeds realized by a sale of the property being payable to the real owner. Our reasons for the conclusion at which we have arrived need not be further elaborated. The constitution is imperative that property is to be taxed *ad valorem*. The foundation principle of such a system is that those who own and enjoy values are to pay the taxes. The real owners of the money which these lots would now sell for on the market are the persons whom we have designated as owners, and it is upon the cash market value that taxes are assessable. If that value is any less, on account of the subjection of the property to ground rents or unpaid purchase money, than it otherwise would be, that fact would no doubt be taken into consideration in making the assessment. The market value, whatever that may be, is the proper basis.

2. There was no error, either of practice or decision, in denying the injunction. Whatever the expectation of purchasers, or the unbroken practice of the city hitherto may have been, the mandate of the constitution of

1877 is to tax all property, save that expressly exempted by the legislature under constitutional authority, if any is taxed.    That this mandate may have heretofore been disregarded, is no reason why it should not be obeyed now.                              *Judgment affirmed.*