THE OCEAN GROVE CAMP MEETING ASSOCIATION OF THE
METHODIST EPISCOPAL CHURCH, PROSECUTOR, v.
SAMUEL A. REEVES ET AL.

Submitted December 3, 1909—Decided March 4, 1910.

An assessment of taxes against a lessee on account of his interest in
land held under a so-called lease for ninety-nine years, renewable
to the lessee, his heirs and assigns, forever, where the rent re-
served is grossly disproportionate to the value of the land. is not
invalid.

On *certiorari.*

Before Justices SWAYZE, TRENCHARD and PARKER.

For the prosecutor, *Patterson & Rhome,* and *Gilbert Collins.*

For the defendant Samuel A. Reeves, *Durand, Ivins &
Carton.*

The opinion of the court was delivered by

TRENCHARD, J.  This writ of *certiorari* brings up for re-
view the judgment of the state board of equalization of
taxes canceling an assessment of taxes against Samuel A.
Reeves and ordering the same assessed against The Ocean
Grove Camp Meeting Association of the Methodist Episcopal
Church.

The controversy arises in the following manner:

The Ocean Grove Camp Meeting Association of the Meth-
odist Episcopal Church was incorporated by an act of the
legislature, approved March 3d, 1870 (*Pamph. L., p.* 397),
"for the purpose of providing and maintaining for the mem-
bers and friends of the Methodist Episcopal Church, a proper,
convenient and desirable permanent camp meeting ground
and christian seaside resort," as stated in its charter.

It had power to buy and sell real estate, and, on August 4th,
1870, it acquired title to the property known as "Ocean

Grove." Subsequently, from time to time, it disposed of, by so-called leases, seventeen hundred and ninety-two lots or parcels of the tract so purchased.

By stipulation of counsel it appears that each lot, for a monetary consideration, being a gross sum down "and a yearly assessment or rent not to exceed seven per centum of the sum of one hundred and fifty dollars," was demised unto the lessee therein named, "his heirs, executors, administrators and assigns  *   *   *  to have and to hold the said lot or parcel of ground and all and singular the premises hereby demised, with the appurtenances unto the said (lessee), his heirs, executors, administrators and assigns, to his and their only proper use, benefit and behoof  *   *   *  for and during the full end and term of ninety-nine years from this day fully to be completed and ended, renewable to the said (lessee), his heirs and assigns for a like term of years forever," subject to certain conditions and regulations therein mentioned.

The only condition of significance imposed was that of a forfeiture of the estate upon failure to pay the assessment or rental for a specified period, and the regulations were those relating to the camp meeting project.

Of the lots several were so demised to the defendant Samuel A. Reeves.

As we have pointed out, under each lease the holder thereof is required, by the terms thereof, to pay to the association an annual rental of $10.50. This rental or assessment was apparently reserved for the purpose of keeping up the camp meeting grounds.

For many years these lands in Ocean Grove so demised were not assessed for taxes, it being considered by the local tax officials that they were exempt from taxation, the buildings only being taxed, and those to the lessees. This misapprehension having been removed by the decision of this court in an analogous case (*Hanover* v. *Camp Meeting Association*, 47 *Vroom* 65), the local assessor proceeded to impose taxes in accordance with what he conceived to be the respective rights of the parties. In the year 1908 he assessed the land

values to the lessees and what may be called the ground rents to the association.    He also assessed the value of the buildings to the lessees.

The result of the assessment to the lessees, on account of their interest in the leasehold estate, of a sum equal to the market value of the leasehold is that the amount of tax on the respective leaseholds is about double the amount of the yearly rental accruing to the association.

The defendant Reeves appealed to the county board of taxation from the assessment with respect to the land values. The county board having affirmed the assessment, an appeal was taken to the state board of equalization of taxes, with the result that the assessment was canceled and the same ordered assessed against the association.    That is the judgment now here for review.

The appeal is taken under section 5 of chapter 67 of *Pamph. L.* 1905, *p.* 126, creating the board of equalization of taxes.

Assuming, but not deciding, that thereunder the board had jurisdiction to render the judgment under review, we nevertheless think that the judgment was erroneous for the reasons we will now state.

It was not disputed that the lessee's estate in the land has the value at which it has been assessed, but it is contended that the full value of the land should have been assessed against the association as owner of the fee.

The question presented therefore is as to the validity of an assessment to the lessee on account of his interest in land held under a lease for ninety-nine years, renewable to the lessee, his heirs and assigns, forever, where the rent reserved is grossly disproportionate to the value of the lands, and where the lessee owns the buildings and improvements.

We think such an assessment is not invalid.

The General Tax law requires that all property shall be assessed to the owners thereof.    *Pamph. L.* 1903, *p.* 397, §§ 5, 6.    A tenant for years has an interest in land, and is therefore an owner of property.    *State, National Railway Co.,* v. *Easton and Amboy Railroad Co.,* 7 *Vroom* 181.    The act of

March 17th, 1854 (*Nix. Dig.* 1855, *p.* 805, § 77), required that lands, tenements, hereditaments and real estate should be assessed in names of the owners thereof. In *Hopper* v. *Malleson*, 1 *C. E. Gr.* 382, 387, construing that act (together with the act of March 19th, 1852, containing similar language), Chancellor Green remarked that, "The phrase owner or owners, was used to denote the owner of an estate in possession at the time of the assessment, and not a prior owner or the owner of an estate in expectancy, or of any executory or contingent interest, and the design of the act was to make the interest of such owner only, and those claiming under him, liable for the tax assessed. That this is the true interpretation of the act is rendered highly probable by the history and policy of our legislation on the subject." [In general, a tenant is not assessed for his interest in the land, because presumably it has no value. The rent which he pays is ordinarily all that the land is worth.] The estate for years has no market value in such cases, and for that reason, doubtless, the General Tax act provides (section 46) that if a tenant pays the tax on demised land under the compulsion of the statute, he may recover the same from the landlord by action, or deduct the same from the rent. But where there is a long term lease, renewable to the lessee, his heirs and assigns forever, at an annual rental grossly disproportionate to the value of the land, it is manifest that even an estate for years has a market value. This value is the property of the tenant, on which he should pay taxes, because all property not expressly exempted is taxable (*Pamph. L.* 1903, *p.* 394, § 2), and should be assessed to its owner.

It will be noticed in this connection that an assessment is not invalid even though assessed in the name of one not the owner. *Pamph. L.* 1903, *p.* 414, § 30. This provision comes from the act of 1854 (*Rev., p.* 1165, § 7), and has been construed and applied in *Fleischauer* v. *West Hoboken*, 11 *Vroom* 109; *Poulson* v. *Matthews, Id.* 268, and *State* v. *Galloway Township*, 13 *Id.* 415.

It is argued that an estate for years is a chattel interest, and should be taxed as personalty and not as realty. If this be

conceded, it does not necessarily follow that an assessment of leasehold interest as realty is void. The rule of valuation of real and personal property is the same, namely, market value. The rate of taxation imposed is the same, and the purposes for which the tax is used are the same. It would seem, therefore, of no importance to a taxpayer whether his property is called real or personal. It might well be regarded as a mere defect of form which does not invalidate. *Pamph. L.* 1903, *p.* 419, § 39. But we do not think that an estate for years, if taxable, is to be taxed as personalty. While a technical estate for years is not an inheritable estate, and therefore goes to the personal representative on the death of the owner, yet it is none the less an estate in land. The Tax law does not require that the assessment on land shall be limited to freehold estates. Estates less than a freehold are real property, and, if taxable at all, the owners are properly assessed as owners of real property for the value thereof.

But it will be observed that the estate taxed in the present case is not an ordinary estate for years, nor is the relation between the so-called lessee and the association the ordinary one of landlord and tenant. It is far otherwise. True, the parties to the instrument under which Reeves holds his title call it a lease, and our Court of Errors and Appeals, in *Ocean Grove Association* v. *Sanders,* 39 *Vroom* 631, though avoiding that designation, has declared the sum yearly assessable by the association under a like instrument to be rent, and its non-payment to warrant an action of ejectment, yet it is plain that the instrument was not considered as creating an estate for years *stricti juris,* and it was expressly held that the Landlord and Tenant act was not applicable thereto.

It is unimportant how the estates of the respective parties to the instrument might properly be technically defined. For the purpose of adjusting the burden of taxation between them we are not concerned with technical definitions but with the substance of things.

It is quite plain that an instrument demising to one and his heirs and assigns a long term of years in land, renewable in perpetuity, conveys an ownership equivalent to a fee-simple,

although rent may be thereby reserved. It is very closely analogous to that so common in New York and Jersey City in their early development, and still common in Philadelphia, Baltimore and other cities, though long since obsolete, as far as we know, in this state, of a conveyance in fee-simple, reserving to the grantor and his heirs a small ground rent. The entire beneficial ownership of the land resides as much in the lessee, in a case like the present, as in the grantee under such a deed reserving ground rent. Of course, in the one case the grantee has to bear the taxes on the land, and in the other the lessee should do so. In *State, Morris Canal and Banking Co., v. Haight, Collector, 7 Vroom* 471, the tax upheld was one imposed upon the legislative grant of 1867 to the Morris Canal and Banking Company of land under water at an annual rent, for the period of its charter, with a reversion to the state. The Court of Errors and Appeals found the power to tax to inhere in the terms of the grant, but Chief Justice Beasley, who wrote the opinion for the court, was careful not to commit the court to the assumption that the grant should be considered a leasehold, and he says that the doctrine, as between lessor and lessee, that the landlord is to pay the taxes imposed during the term, applies only "in an ordinary case." He says the doctrine rests on an implied agreement. Such an agreement cannot be implied from the terms of the instrument now before this court.

In *Black v. Delaware and Raritan Canal Co., 9 C. E. Gr.* 455, 465, Mr. Justice Van Syckel said: "For all substantial, practical purposes a lease for nine hundred and ninety-nine years is a conveyance in fee." This doctrine was re-affirmed by Mr. Justice Gummere (the present Chief Justice), in *Meyer v. Harris, 32 Vroom* 83, 100, and it was held that lessees under an instrument of that character "in determining the measure of their responsibility in maintaining a nuisance upon the premises conveyed to them by such an instrument, should be considered as owners rather than as tenants for years." The title under the instrument now before the court is even more subject to such a characterization than a lease for nine hun-

dred and ninety-nine years, for it is in perpetuity and passes to the heirs and assigns of the so-called lessees.

The result is that the judgment of the state board of equalization of taxes will be reversed, and the original assessment affirmed, with costs.