FIDELITY TRUST CO. *v.* COUNTY OF WAYNE.

1. ESTATES—AT COMMON LAW ESTATE FOR YEARS DENOMINATED PERSONALTY.

At common law an estate for years, whether for one or one hundred years, was a chattel real, and was denominated personal property.

2. SAME—LEGISLATURE HAS OFTEN TREATED ESTATES FOR YEARS AS REALTY.

Although for general purposes the Michigan legislature has followed the common law in its classification of estates for years as personal property, yet in many enactments it has frequently treated such estates as interests in real property, and has brought them within the rules governing the conveyance of real property, such as the statute relating to recording conveyances, (3 Comp. Laws 1915, §§ 11721, 11726), implied covenants (section 11691), agreement to pay commission for sale of interest in real estate (section 11981), and the construction statute (1 Comp. Laws 1915, § 64, subd. 9).

3. MORTGAGES—MORTGAGE ON LEASEHOLD INTEREST FOR MORE THAN
   THREE YEARS SUBJECT TO MORTGAGE TAX.

   A mortgage on a leasehold interest for a term of more than
   three years is a mortgage on real property within the meaning
   of the mortgage tax statute (1 Comp. Laws 1915, § 4268),
   and is therefore subject to the tax therein imposed.

Error to Wayne; Martin (William H.), J., presiding. Submitted June 15, 1928. (Docket No. 19, Calendar No. 33,533.) Decided October 1, 1928.

Assumpsit by the Fidelity Trust Company, trustee, against the county of Wayne and another for a specific tax paid under protest. Judgment for plaintiff. Defendants bring error. Reversed.

*Robert M. Toms,* Prosecuting Attorney, and *Frank B. Ferguson,* Assistant Prosecuting Attorney, for appellants.

*Campbell, Bulkley & Ledyard (Wilson W. Mills, E. C. P. Davis,* and *Rogers I. Marquis,* of counsel), for appellee.

*Stevenson, Butzel, Eaman & Long (William L. Carpenter* and *Charles A. Wagner,* of counsel), and *Miller, Canfield, Paddock & Stone, amicus curiæ.*

McDONALD, J. The Detroit Metropolitan Corporation had a 99-year lease of certain real estate in the city of Detroit, Wayne county, Michigan. It put out an issue of bonds in the sum of $2,000,000 secured by a mortgage on its lease. The plaintiff was named trustee of the issue. The register of deeds of Wayne county refused to record the trust mortgage without the payment of the specific tax required by Act No. 91, Pub. Acts 1911 (1 Comp. Laws 1915, § 4268). The tax amounting to $10,000 was paid

under protest. This suit was brought to recover the amount so paid. The plaintiff recovered a judgment. The defendants have brought error.

The question involved is whether a mortgage of a leasehold interest for 99 years on real estate is subject to the specific tax which the statute requires to be paid on mortgages and liens upon real property.

The title of the statute reads as follows:

"An act to provide for the assessment and the collection of a specific tax upon the class of credits founded upon and evidenced by mortgages and liens upon real property, and to repeal all acts and parts of acts in contravention thereto."

And section 1 reads:

"For the purposes of this act all indebtedness secured by liens upon real property shall constitute that class of credit upon which this act imposes a specific tax. The word 'mortgage,' as used herein, shall include every mortgage or other instrument by which a lien is created over or imposed upon real property, notwithstanding it may also be a lien upon other property, or there may be other security for the debt, and shall also include executory contracts for the sale of real property and deeds or other instruments that are given to secure debts."

Does an estate for 99 years come within the expression "real property" as used in this statute?

At common law an estate for years, whether for one or a hundred years, was a chattel real, and was denominated personal property. It first came to be identified with personal property because when a lessee was deprived of it his only remedy was a personal action for damages. He could not recover possession as one could who was deprived of a freehold estate. At a later period he was permitted to recover possession of the land by an action anal-

ogous to that to which the owner of a freehold was entitled. But, without any good reason therefor, the estate for years continued to be classified as personal property. Mr. Jenks in his History of English Law says:

"It stands midway between real and personal property—neither wholly real, nor wholly chattel."

However, it is in fact, as generally understood, an interest in real property, and, while for the general purposes of the law it retains its common-law classification, courts and legislatures frequently treat it as included in real property. Mr. Tiffany says:

"The courts frequently, however, use the expressions real estate and real property in a broad sense as applicable to any estates in land, whether freehold or less than freehold, as well as to land itself, regarded as the object of rights. And such use of these expressions by the legislatures is exceedingly frequent, partly owing, it may be presumed, to the fact that it corresponds to the ordinary use of the expression 'real estate' among members of the community generally." 1 Tiffany, Real Property (2d Ed.), p. 8.

For general purposes, the Michigan legislature has followed the common law in its classification of estates for years as personal property. But, as shown in many enactments, it has frequently treated such estates as interests in real property and has brought them within the rules governing the conveyance of real property. For instance, it has provided that:

"Every conveyance of real estate within the State hereinafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any

portion thereof, whose conveyance shall be first duly recorded.'' * * * 3 Comp. Laws 1915, § 11721.

''The term 'conveyance,' as used in this chapter, shall be construed to embrace every instrument in writing, by which any estate or interest in real estate is created, aliened, mortgaged or assigned; or by which the title to any real estate may be affected in law, or equity, except wills, leases for a term not exceeding three years, and executory contracts for the sale or purchase of lands.'' 3 Comp. Laws 1915, § 11726.

Construing these provisions of the statute in *Crouse* v. *Michell,* 130 Mich. 347, 357 (97 Am. St. Rep. 479), this court said:

''We think it clear that this lease, which had eight or ten years to run, was such a conveyance of an interest in lands as to make the real estate recording laws applicable to it.''

Another statute which regards the conveyance of leasehold interests as conveyances of real estate is section 11691, 3 Comp. Laws 1915. It reads:

''No covenant shall be implied in any conveyance of real estate, whether such conveyance contain special covenants or not.''

An estate for years was intended to be included in the expression ''real estate'' as used in this statute. *De Grasse* v. *Mining Co.,* 185 Mich. 514.

In section 11981, subd. 5, 3 Comp. Laws 1915, it is provided that:

''Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate,'' shall be void unless it be in writing, etc.

While there is no express reference in the language of this statute to estates for years, they are

covered by the words "interest in real estate." It was so held in *Hannan Real Estate Exchange* v. *Traub,* 217 Mich. 162.

Other instances might be cited, but these will suffice to establish the point that whenever the legislature has used the expression "real estate," or its equivalent "real property," it has intended to include an estate for years. In other words, it uses the term "real estate" or "real property" in a broad sense, as applicable to any estate in lands, whether freehold or less than freehold. It is so stated in the construction statute (1 Comp. Laws 1915, § 64, subd. 9), which says:

"In the construction of the statutes of this State, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, that is to say: * * *

"9. The word 'land' or 'lands' and the words 'real estate' shall be construed to include lands, tenements, and real estate, and all rights thereto, and interests therein."

Applying this rule of construction to the language of the mortgage tax statute, it is apparent that it was the legislative intent to include within its terms debts evidenced by mortgages on leasehold interests for a term of more than three years. The statute uses the words "real property," which are equivalent to "real estate," and when the words real estate are used it is meant to include all interests therein or rights thereto. So, by proper construction, real property as used in the statute includes all interests in lands, and an estate for years is an interest in land, though, in a strictly common-law sense and for general purposes, by statute it is treated as personal property. It will also be seen by an examination of the statute that there is nothing

in the title or in any of its provisions to indicate an intent to exclude leasehold interests from its operation.

It is our conclusion that a mortgage on a leasehold interest for a term of more than three years is a mortgage on real property within the meaning of the mortgage tax statute, and is therefore subject to the tax therein imposed.

The judgment of the circuit court is reversed. The defendants will have costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.