## ESTATE OF MARGARET THAW CARNEGIE DE PERIGNY, FIDELITY TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSSIONER ᴏꜰ INTERNAL REVENUE, RESPONDENT.

Docket No. 6679.   Promulgated October 28, 1947.

---

*Paul G. Rodewald, Esq.,* and *Donald L. McCaskey, Esq.,* for the petitioner.

*Stanley L. Drexler, Esq.,* for the respondent.

784

OPPER, *Judge*: Although the present controversy is argued broadly by the parties, and counsel deal ably and extensively with a wide range of topics, reaching from conflict of laws to the Hohfeldian analysis and from East Africa to Cuba, we find it unnecessary to go beyond a few narrow principles in disposing of the limited issue which seems to us presented by this record. The subject matter of the disputed application of Federal estate tax is a group of leases for 99 years, exchangeable at the lessee's option for 999-year leases, of property located in Kenya Colony, British East Africa. The question is whether decedent's rights as lessee thereunder are exempted from estate tax by the provision that "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States"; in other words, were the leases "real property situated outside the United States," within the meaning of these provisions? Cf. *James M. B. Hard*, 9 T. C. 57. We think they were.

We accept, for purposes of this opinion, the assumptions that Congress, in its selection of the words "real property," was dealing with a term in common use and intended it to have its generally accepted meaning; that the strict and historic common law definition of real property excludes even long term leases, which were viewed as chattels real and hence personalty; and that, if we can decipher the definition intended by Congress, it is of little moment how these property rights in real estate are defined under Kenya law.

But a long term lease, particularly one for essentially 999 years, has come to be regarded as real property for many purposes and in many situations. *Wells* v. *Savannah*, 87 Ga. 397; 13 S. E. 442; affd., 181 U. S. 531; *Norfolk* v. *Perry Co.*, 108 Va. 28; 61 S. E. 867; affd., 220 U. S. 472; *Ralston Steel Car Co.* v. *Ralston*, 112 Ohio St. 306; 147 N. E. 513; *Fidelity Trust Co.* v. *County of Wayne*, 244 Mich. 182; 221 N. W. 111; *Ocean Grove Camp Meeting Association* v. *Reeves*, 79 N. J. L. 334; 75 Atl. 782; affd., 80 N. J. L. 464; 79 Atl. 1119; *Jones* v. *Magruder* (Dist. Ct. Md.), 42 Fed. Supp. 193. Congress could well have intended to include such property interests in the phrase "real property," above all in an estate tax provision. Cf. *Helvering* v. *Hallock*, 309 U. S. 106. The present express exception came into the law in 1934, but for many years before that respondent had implied a similar exclusion. See *Carrie S. Fair, Executrix*, 35 B. T. A. 41; reversed (C. C. A., 3d Cir.), *Fair* v. *Commissioner*, 91 Fed. (2d) 218. The authority for

this was an Attorney General's Opinion issued in 1918, 31 Op. Atty. Gen. 287, which reasoned that the situs of real property.was its physical location and that real estate located abroad, "unlike personal estate there, cannot be enjoyed *as such* in any true sense without the protection and supervision of the laws of the foreign jurisdiction in which it is situated, while as to personal property the fact may very well, for obvious reasons, be different." See *Carrie S. Fair, Executrix, supra*, p. 45.

When Congress came to amend the law in 1934, it accepted the "almost universally established principle of estate taxation that real estate should be subject to death duties only in the country where situated." S. Rept. No. 558, 73d Cong., 2d sess., p. 46. Granting implicitly the power of Congress to include all property in the tax base of a domestic estate, see Paul, Federal Estate and Gift Taxation, sec. 2.10, we nevertheless consider it more realistic and logical that, in choosing to exempt "real property," Congress should have intended to exclude also such a virtual fee simple estate as a 999-year lease than that it should have considered it as subject to the fact of enjoyment and the theory of situs like an automobile or a share of stock. It is "not probable that Congress intended in this modern taxing act to use the phrase * * * in the technical nicety of the common law with respect to interests in lands flowing from a system of feudal tenure which did not exist in this country after the American Revolution." *Jones* v. *Magruder, supra;* cf. *Helvering* v. *Hallock, supra; National Memorial Park, Inc.* v. *Commissioner* (C. C. A., 4th Cir.), 145 Fed. (2d) 1038; certiorari denied, 324 U. S. 858.

This view seems to us not foreclosed, but, indeed, fortified by an examination of *Carrie S. Fair, Executrix, supra*, both as disposed of by the then Board of Tax Appeals and upon reversal by the Third Circuit. The subject matter there in controversy was Cuban "hipotecas," liberally defined as mortgages, collectible only from the proceeds of the land. The Board reasoned that "These 'hipotecas' * * * were debts due the decedent," and, since "a debt has a situs for taxation at the domicile of the creditor," Congress, "in providing for the * * * computation of the tax on other property passing from the decedent, did so in the light of the above rule in the United States as to the situs for taxation of debts * * *." Upon review, the Court of Appeals placed more weight upon the connection with real estate, and held: "As real property situated outside the United States the value of the hypotecas [*sic*] should have been excluded from the decedent's gross estate * * *."

But to us the significance of both opinions is the effort to capture the essential nature of the rights as to which transferance by death was being taxed. Concluding, as we do, that the transfer of a 999-

year lease of real property is essentially and realistically a transfer of the real estate itself, it follows that the leases in controversy are encompassed within the term "real property situated outside of the United States," as that phrase is used in section 811, and hence are to be excluded from the estate.

Reviewed by the Court.

*Decision will be entered under Rule 50.*