17 N.J. Super. 235 (1952)
85 A.2d 812
J. EDGAR BROWN, EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF ALEELAH E. HAVENS, DECEASED, PLAINTIFF,
v.
WILSON HAVENS, JR., INDIVIDUALLY AND AS EXECUTOR UNDER THE LAST WILL AND TESTAMENT OF WILSON HAVENS, DECEASED, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 3, 1952.
*237 Mr. James D. Carton, Jr., for plaintiff (Messrs. Durand, Ivins & Carton, attorneys).
Mr. William J. O'Hagan, for defendants (Messrs. Stout and O'Hagan, attorneys).
Mr. Edwin P. Longstreet, amicus curiae.
SCHETTINO, J.S.C.
This case has been submitted on pretrial order, stipulation of facts and briefs.
Plaintiff, as executor and trustee, seeks partition of a leasehold estate and an accounting. Defendant claims sole title to the estate both by the terms of the conveyance and by adverse possession.
This litigation arises out of an anomolous situation, apparently peculiar in this State to the Ocean Grove Camp Meeting Association of the Methodist Episcopal Church. The history of the association will be found in Ocean Grove Camp Meeting Association v. Reeves, 79 N.J.L. 334 (Sup. Ct. 1910). As appears therein, the Association executed numerous indentures purporting to lease parcels of land for 99 years, renewable for a like term of years forever.
The lease from the Association here involved is dated July 6, 1895, and in consideration of $375, leases lot No. 1672 to "Richard M. Firguson, his heirs, executors, administrators and assigns," for 99 years "renewable to the said Richard M. Firguson, his heirs and assigns for a like term of years forever." It provides for the payment "as and for a yearly rent for said demised premises not to exceed seven *238 per centum of the sum of one hundred fifty ($150.00) dollars at such time or times, in each year of said term as the same may be required by the said party of the first part, or their successors or assigns."
By mesne assignments, Firguson's interest was transferred on January 3, 1925, to "Wilson Havens and Aleelah C. Havens, their executors, administrators and assigns." Wilson and Aleelah were husband and wife and were so described in the recital of consideration paid. Aleelah died on June 7, 1936. Plaintiff is executor and trustee under her will. Wilson did not take under her will, but continued in possession of the premises until his death on January 27, 1949. By his will, the defendant was named sole beneficiary and executor. Defendant continued in possession after Wilson's death.
The first issue is whether Wilson and Aleelah held as tenants in common as plaintiff contends, or as tenants by the entirety as is urged by defendant.
Plaintiff argues that our State does not recognize tenancy by the entirety in personal property and that the leasehold interest in question is personal property.
Plaintiff's initial proposition that tenancy by the entirety in personal property is not recognized in New Jersey, is clearly supported by our cases. Aubry v. Schneider, 69 N.J. Eq. 629 (Ch. 1905), affirmed 70 N.J. Eq. 809 (E. & A. 1906); Central Trust Co. v. Street, 95 N.J. Eq. 278 (E. & A. 1923); Franklin National Bank v. Freile, 116 N.J. Eq. 278 (Ch. 1934), affirmed 117 N.J. Eq. 405 (E. & A. 1935). Whelan v. Conroy, 126 N.J. Eq. 607 (Ch. 1940); Able-Old Hickory B. & L. Ass'n. v. Polansky, 138 N.J. Eq. 232 (Ch. 1946).
The pivotal point is the second step in plaintiff's argument, that the interest in the lands here involved is merely personalty within the purview of the foregoing cases. An estate for years is a chattel real. It is an estate in lands but is less than freehold and ordinarily falls in the category of personal property despite its relation to real property, and this is so for purposes of succession upon death. Hutchinson *239 v. Bramhall, 42 N.J. Eq. 372, 382 (E. & A. 1886). Although there is some authority elsewhere recognizing an estate by the entirety in an estate for years, 26 Am. Jur., Husband and Wife, sec. 80, p. 705, the persuasion thereof in this State is diluted by the circumstance that a majority of jurisdictions recognize such estates in personalty, whereas our jurisdiction is committed to a contrary view. Our highest court has held that an estate by the entirety may exist in a life estate, Kimble v. Newark, 91 N.J.L. 249 (E. & A. 1917), but I am not aware of any case in this State, either before or since the married women's statutes, which applied the doctrine of estate by the entirety to interests in land less than freehold. I have no doubt that in New Jersey a tenancy by the entirety does not exist in the ordinary estate for years.
But defendant urges with considerable force that the leasehold interest here involved is tantamount to a fee, and hence an estate within the policy underlying tenancies by the entirety. For all practical purposes, it is a virtual certainty that the lease will be renewed perpetually. The rental payable to the Association is but $10.50 per year, and since the property is improved, the likelihood of default or failure to renew is negligible. The tenant's interest here involved probably is greater in fact than that of the holder of a life estate.
Although defendant's position has strong initial appeal, I am compelled for a number of considerations to conclude that the tenancy was not by the entirety. In the first place, the instrument is a lease and nothing more, and barring some consideration of public policy, and none is apparent, the Association was entitled to cast the transaction in the form of a lease with the reserved interest and rights which attend a leasehold transaction. A court is not free to rewrite the agreement. If a court should engage in measuring the practical value of a long-term lease against a life estate, no end of difficulty would arise. A 99-year lease will, as a probability, outlast a life estate, and on the facts of many cases, the same might be said of a lesser term. Such appraisals *240 would merely lead to uncertainty in the field of property law with respect to which certainty is a keystone.
Secondly, the tenor of the few adjudications in this State with respect to the Association's indentures has been that leasehold interests were thereby created. They were clearly so treated in Ocean Grove Ass'n. v. Sanders, 67 N.J.L. 1 (Sup. Ct. 1901), affirmed 68 N.J.L. 631 (E. & A. 1903). In Ocean Grove Camp Meeting v. Reeves, 79 N.J.L. 334 (Sup. Ct. 1910), some expression appears suggestive that the lease was substantially a conveyance in fee, but, as I read the opinion, that appraisal was intended as a factual, rather than a legal one. Moreover, the Court of Errors and Appeals (80 N.J.L. 464) affirmed the Supreme Court, with a reservation which may well have been addressed to that portion of the Supreme Court's opinion, although, frankly, I am not certain as to the scope of the reservation. In DeKyne v. Lewis, 5 N.J. Misc. 948, 139 A. 434 (Cir. Ct. 1927) Judge Lawrence concluded that the grant was that of leasehold and constituted personalty with respect to transfers thereof. Judge Lawrence then, on the assumption arguendo that the lessee's interest constituted real estate within the meaning of the provision of the Married Women's Act requiring the joinder of a husband in the wife's conveyance, reached the same result for the reasons there appearing. I do not believe that the additional basis for decision, thus given, operates to weaken Judge Lawrence's deliberate determination as to the true nature of the tenant's interest.
The amicus curiae informs me that the bar has generally treated the interests of tenants under the Association's indentures as personalty with all of the legal implications which flow therefrom. It is apparently true that cautious lawyers, recognizing the possibility of a different view, have sought to handle transfers with appropriate precaution. But on the entire scene, I believe that to apply the doctrine of estate by the entirety would create mischief.
It must, of course, be recognized that despite a holding that the tenant's interest is personalty, the doctrine *241 of estate by entirety could still be applied as an exception to our general treatment of personalty. The tenant's ultimate enjoyment is, as a practical matter, sufficiently similar to that of the owner of a fee to give color to the view that the public policy underlying tenancy by the entirety as to freehold interests should be invoked by analogy. That course, however, is precluded by the considerations mentioned above, and my reluctance to accept it is enhanced by a grave uncertainty as to whether the basic public policy of our State would invite that exception. Our cases have expressed the view that tenancy in common is to be favored even as against joint tenancy in dealing with personalty. Aubry v. Schneider, supra; Whelan v. Conroy, supra. It is true that R.S. 46:2D-1, which relates to real and chattel mortgages, points the other way in the limited area of its operation. But tenancy by the entirety has attributes beyond those of a joint tenancy, and I am not persuaded that, considering all implications of a tenancy by the entirety, a court would be justified in extending it.
Since there was no tenancy by the entirety, nor any basis for a finding of joint tenancy, I conclude that Wilson and Aleelah held as tenants in common.
The next issue is whether defendant is obligated to account for rent. Both the husband Wilson and the defendant, individually, occupied the property, as indeed they were entitled to do as a co-tenant. Tolen v. Tolen, 96 N.J. Eq. 496 (Ch. 1924). Neither received rental income from third parties. Plaintiff never sought co-possession. Plaintiff merely demanded that Aleelah's interest be purchased or that rent be paid. The husband, Wilson, and the defendant herein were under no obligation to do either. Although they denied plaintiff's claim of title, yet, plaintiff never having demanded co-possession nor even indicated a desire therefor, there is no basis for an accounting. Buckelew v. Snedeker, 27 N.J. Eq. 82 (Ch. 1876).
Defendant's claim that Aleelah's interest was acquired by adverse possession is not sustainable. It is sufficient to *242 say that the six-year statute, R.S. 2:24-1, is inapplicable. Plaintiff's right would appear to be within the purview of R.S. 2:24-12, and the time period there required has not transpired.
Plaintiff is entitled to partition. Present judgment on notice.