80 N.J. Super. 361 (1963)
193 A.2d 785
IN THE MATTER OF THE APPEAL OF THE WEST JERSEY GROVE CAMP ASSOCIATION
v.
CITY OF VINELAND.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1963.
Decided September 16, 1963.
*362 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Edward S. Miller argued the cause for appellants (Messrs. Gant & Miller, attorneys).
Mr. Bennett I. Bardfeld argued the cause for respondent (Messrs. Adamo & Pagliughi, attorneys; Mr. Martin L. Pagliughi, Vineland City Solicitor, of counsel).
Mr. Elias Abelson, Deputy Attorney General, filed a statement in lieu of brief on behalf of the Division of Tax Appeals (Mr. Arthur J. Sills, Attorney General, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This is an appeal from a determination of the Division of Tax Appeals affirming the action of the Cumberland County Board of Taxation denying the so-called *363 "Senior Citizen's tax exemption" to 39 individuals. The issue here is whether a person, otherwise qualified, is entitled to the tax exemption provided by N.J.S.A. 54:4-3.37 where he occupies land under a 99-year lease and not as a fee simple owner. The matter has been presented on an agreed statement of facts.
West Jersey Grove Camp Association is a non-profit religious corporation of this State, incorporated in 1873. In that year it purchased a tract in Cumberland County known as Richmond Grove. The property, now known as Block 11, Lot 6, on the tax map of the City of Vineland, is assessed to the association as record owner.
The land comprises approximately 25.52 acres and is used as a Methodist summer camp. 15.52 acres are exempt because used for religious purposes. Certain portions of the remaining ten acres are directly involved on this appeal. The association has divided most of the ten acres into some 49 blocks, separated by streets. Of these, 44 are subdivided into individual lots measuring 15'x 30', but no subdivision plot has ever been filed with the city officials. The association has leased the lots to individuals on 99-year leases, all of which will expire November 29, 1972. Most of the lots under lease contain dwelling houses erected at the expense of the tenants or their predecessors in title, and are considered by them to be their own property and not that of the association. The dwellings as well as the lots are assessed by the city to the association as real estate, the city taking no official notice of the existence of the leases.
In 1961, 39 of the tenants, all of them citizens and residents of this State of the age of 65 or more years, having an annual income not in excess of $5,000 and residing in cottages on the leased lots, applied for the $800 exemption authorized by L. 1961, c. 9, § 2, as amended, N.J.S.A. 54:4-3.37. The Vineland assessor refused to grant the requested exemptions. The Cumberland County Board of Taxation sustained the denials. On further appeal, the State Division of Tax Appeals affirmed the county board judgment, holding *364 that both under the cited statute and Regulation 16:12-50.6 promulgated by the Director of the Division of Taxation, each of the petitioners "is not residing in a house owned by him which is a constituent part of his real property."
N.J.S.A. 54:4-3.37 provides in part:
"Every person, a citizen and resident of this State of the age of 65 or more years, having an income not in excess of $5,000.00 per year and residing in a dwelling house owned by him which is a constituent part of his real property, shall be entitled, on proper claim being made therefor, to exemption from taxation on such real property to an assessed valuation not exceeding $800.00 in the aggregate, but no such exemption shall be in addition to any other exemption to which said person may be entitled." (Italics ours)
Pursuant to the authority granted him by N.J.S.A. 54:4-3.45 to "promulgate such rules and regulations and prescribe such forms as he shall deem necessary to implement this act [L. 1961, c. 9]," the Director of the Division of Taxation promulgated Regulation 16:12-50.6, "Proof of Ownership," which provided that
"(a) The law requires that the claimant shall be the owner of the dwelling house which is a constituent part of the real estate on which exemption is claimed. * * * Exemption cannot be allowed on a `dwelling house' on which the claimant has only an estate for life, for a term of years, or of any other nature less than an estate in fee. * * *"
In our view, the power conferred on the Director to make rules and regulations and to prescribe forms necessary to implement L. 1961, c. 9, had as its purpose the proper administration of the law. It did not clothe him with the authority to define, in a binding way, the legislative intent. Accordingly, his definition is not per se controlling.
The camp association, against which the assessment was levied, is not entitled to the claimed exemptions. What the "senior citizen" tenants actually urge is that the assessment should properly be made to the several residents, who might then apply for the $800 exemption in their individual *365 capacities. Putting aside for the moment the question of exemption, it makes little difference as against whom the assessment is made. The lessor and lessee can always agree between themselves who will pay the taxes. But in the absence of any agreement to the contrary, the obligation to pay is ordinarily upon the lessor, Crewe Corp. v. Feiler, 49 N.J. Super. 532, 539-540 (App. Div. 1958), and in this State the owner is assessed. As was said in In re R.S. 54:4-16, 21 N.J. Misc. 387, 390, 34 A.2d 239, 240-241 (Cir. Ct. 1943), an assessor is not likely to attempt to unravel the taxable interests between a landlord and tenant. Nor is it necessary that he do so. The law requires an assessment of the value of the land, not of the purported owner's title. Stack v. Hoboken, 45 N.J. Super. 294, 300 (App. Div. 1957).
We turn to the core question of whether the requested exemptions should have been granted.
Statutes providing for exemption from taxation are strictly construed. All doubts are resolved against the party claiming the benefit thereunder. This rule is based upon the fundamental principle of equality of the tax burden. Teaneck Tp. v. Lutheran Bible Institute, 20 N.J. 86, 90 (1955). Had the Legislature wanted to confer the $800 exemption upon lessees circumstanced as are these claimants, it could have simply and expressly so provided. It did not. On the contrary, it limited the exemption to the senior citizen of limited income "residing in a dwelling house owned by him which is a constituent part of his real property." The 39 claimants do not fit that definition. They do not have fee title to their lots; their respective 99-year leases do not even qualify as a freehold estate.
We do not, of course, pass upon the situation where a claimant, otherwise qualified under N.J.S.A. 54:4-3.37, holds under a lease running to himself, his heirs, executors, administrators and assigns for the full term of 99 years, renewable to him, his heirs and assigns for a like term forever, as in Ocean Grove Camp Meeting Ass'n., etc. v. Reeves, 79 N.J.L. 334 (Sup. Ct. 1910), affirmed with qualification in 80 *366 N.J.L. 464 (E. & A. 1911), where the court quoted with approval from Black v. Delaware & Raritan Canal Co., 24 N.J. Eq. 455, 465 (E. & A. 1873), that "For all substantial, practical purposes, a lease for nine hundred and ninety-nine years is a conveyance in fee." But see Brown v. Havens, 17 N.J. Super. 235, 240 (Ch. Div. 1952).
Affirmed.